JAMES B. FOREHAND, JR., FIDUCIARY TRANSFEREE OF THE ASSETS OF JAMES B. FOREHAND, DECEASED, TRANSFEROR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forehand v. Commissioner
Docket No. 6850-92
United States Tax Court
T.C. Memo 1993-618; 1993 Tax Ct. Memo LEXIS 627; 66 T.C.M. (CCH) 1763; December 23, 1993, Filed *627 For petitioner: Cecil W. Taylor and Frank W. Rogers, Jr.
For respondent: Richard Stein. KORNER
KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: By notice of deficiency dated January 9, 1992, respondent determined that petitioner is personally liable, in his capacity as a fiduciary and as the transferee and beneficiary of all the assets of the Estate of James B. Forehand, Sr., for the amount of $ 100,687.06, being the unpaid estate tax, and $ 26,711.32, a section 6653(b)[1] addition to tax, of the Estate of James B. Forehand, Sr. (decedent), plus interest. The issues for decision are: (1) Whether a stipulated decision entered by this Court in a prior proceeding that included a section 6653(b) addition to tax against the transferor estate is binding on petitioner in the present proceeding, under the principles of res judicata or collateral estoppel; (2) whether the notice of deficiency was issued within the statute of limitations; and (3) whether petitioner, as executor and sole beneficiary of the Estate of James B. Forehand, Sr. (estate), is liable as a fiduciary and/or transferee of the estate's assets. *628 Unless otherwise indicated, statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Most of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner's place of residence was Lynchburg, Virginia, on March 31, 1992, the date the petition in this case was filed. Petitioner, James B. Forehand, Jr., was at all times relevant the executor of the estate of James B. Forehand, Sr., who died March 27, 1973. An estate tax return for decedent was received by respondent on August 29, 1974. An estate tax liability of $ 116,939.75 reported on the estate tax return was assessed by respondent on October 21, 1974. The estate paid this liability, with corresponding interest and penalty charges, over a period of years, ending with a final payment on December 29, 1982. Respondent issued a notice of deficiency to the estate on August 25, 1977, of $ 733,350.87 and a section 6653(b) addition to tax of $ 425,145.31. Petitioner transferred on or before October 29, 1979, all the net assets of the *629 estate to himself as the sole beneficiary of decedent's will. The estate having filed a timely petition with this Court, as docket No. 11606-77, a final decision was entered by this Court on September 14, 1984, pursuant to a stipulation between counsel for the estate and respondent. The decision set forth a deficiency in estate tax of $ 100,687.06 and a section 6653(b) addition to tax of $ 26,711.32. The value of the assets distributed to petitioner exceeded the estate's tax deficiency and the addition pursuant to section 6653(b). Respondent did not assess these amounts against the estate until February 27, 1987. OPINION Petitioner argues that the decision entered by this Court, pursuant to a stipulated agreement, regarding the deficiency in estate tax and addition to tax, carries no collateral estoppel effect; consequently, that decision was not sufficient to establish fraud. Petitioner further contends that the statute of limitations on assessment against petitioner as a fiduciary or as a transferee, pursuant to section 6901(c), has expired since fraud allegedly has not been established. Respondent argues that the statute of limitations on assessment has not run against *630 petitioner, as either a fiduciary or a transferee, because the limitations period for a transferee does not begin to run until after the limitations period against the transferor has expired. Due to the decision entered by this Court that provided for an addition to tax pursuant to section 6653(b), says respondent, the limitations period remains open indefinitely against petitioner as a transferee of a fraudulent transferor, and the limitations period for a fiduciary does not expire until February 27, 1997, as it corresponds with the expiration of the period for the collection of tax. 1. Res Judicata Effect of Tax Court Decisions Entered Pursuant to Stipulated Agreements Between Parties
Res judicata rests upon concerns for judicial economy by preventing repetitious suits involving the same cause of action. The general rule of res judicata provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties are thereafter bound not only as to every matter presented to the court but also as to every matter that might have been brought before the court. In tax controversies, such a judgment puts an end to a cause *631 of action which involves the same parties, the same claim, and the same tax year, so that it cannot again be brought upon any ground, absent exceptional circumstances, e.g., a fraud upon the Court. However, where a second action between the same parties is based upon a different, or similar, but not the same claim, the prior judgment operates as an estoppel only as to those matters actually determined. Where collateral estoppel applies, a prior judgment will be conclusive only to the extent that the same legal issues and the same facts are involved. However, even the doctrine of collateral estoppel prevents later litigation of matters that were actually litigated and determined in a prior proceeding. Once a party has truly fought out a matter in litigation with another party, he cannot later renew that duel. Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948). This Court has specifically held, on facts very similar to those of the instant case, that a decision entered pursuant to a stipulated agreement reached by an estate and respondent is binding, and a transferee of such an estate may not have the estate's tax liabilities reconsidered on the *632 merits. Krueger v. Commissioner, 48 T.C. 824, 829-830 (1967). There, we noted many reasons for applying res judicata to such a decision, even though it is a stipulated one and not an adjudication upon the merits, including the assurance to both parties that a controversy will terminate after a reasonable opportunity for a trial, either because the parties have had their day in court or they have agreed to waive the opportunity of further litigation. There is ordinarily no reason to provide litigants with another occasion to address the merits of an issue when they have had an opportunity to raise all pertinent issues and have agreed not to proceed to trial, and a final decision has been entered pursuant to their stipulation. Krueger v. Commissioner, supra.
Petitioner argues that United States v. International Bldg. Co., 345 U.S. 502, 506 (1953), supports the proposition that a stipulated decision in a tax case does not have collateral estoppel effect as to factual issues, such as fraud. To the contrary, the Supreme Court specifically stated that an earlier stipulated decision of *633 the Tax Court had res judicata effect for the tax years covered by that decision. See Krueger v. Commissioner, supra at 828-829. Petitioner also relies on In re Daley, 776 F.2d 834, 836 (9th Cir. 1985). We need not add much to the Ninth Circuit's statement that the application of res judicata in the context of dischargeability determinations in bankruptcy is quite unlike res judicata in its usual setting. The Bankruptcy Court retains exclusive jurisdiction to determine dischargeability claims, and it must consider all relevant evidence bearing on the nature of a debt. The Ninth Circuit also noted that amendments to the Bankruptcy Act stated that there was no room for the application of the technical doctrine of collateral estoppel in determining the dischargeability of debts. Not only is this case factually unlike the case before us, but the Bankruptcy Court had before it a different issue (dischargeability) and would apply different rules of law for a different purpose. Petitioner also cites In re Cassidy, 892 F.2d 637 (7th Cir. 1990). This case similarly deals with fraud in connection *634 with dischargeability in bankruptcy and is similarly inapplicable to the facts presented herein. The court found that the issue of fraud had been fully litigated in the District Court and res judicata applied to the lower court's decision. Res judicata however, did not apply to this Court's determination of fraud which was based on the taxpayer's failure to respond to a request for admissions, whereupon this Court deemed the facts, including fraud, as admitted. The Court of Appeals noted that this Court's own Rules specifically provide that such deemed admissions could not be used for any other purpose or in any other proceeding. Ultimately, the Court of Appeals resolved the case against the taxpayer on another ground, judicial estoppel, which has no bearing on the instant case. Petitioner also argues that according to Anderson, Clayton & Co. v. United States, 562 F.2d 972 (5th Cir. 1977), parties to an earlier settlement, agreed to prior to trial, must intend a decision to carry collateral estoppel consequences, and respondent bears the burden of proving such intention. Petitioner once again has taken statements out of context and apparently is *635 confusing the principles of res judicata with collateral estoppel. That case involved a dispute as to the interpretation of a settlement agreement, and since the issue was not actually litigated, the court was careful not to estop the parties from determining a question which was not addressed. Collateral estoppel, in any case, does not apply here to the prior decision regarding the estate's tax liabilities. Res judicata is the proper doctrine, as the same parties, viz, the estate, through its executor (petitioner), and respondent are involved. This is an attempt by petitioner to deny fraud and to reopen the same issue of the estate's liability, which was agreed to between the parties, as evidenced by the signatures of counsel for both parties on the decision document. The decision entered by this Court pursuant to the stipulated agreement between respondent and petitioner, as executor of the estate, in docket No. 11606-77, dated September 14, 1984, specifically states: Pursuant to the agreement of the parties in this case, it is ORDERED AND DECIDED: That there is a deficiency in estate tax due from the petitioner [Estate of James B. Forehand, Sr.] in the amount of *636 $ 100,687.06, and that there is an addition to the tax due from the petitioner, pursuant to I.R.C. section 6653(b), in the amount of $ 26,711.32.
This Court on more than one occasion has held that a decision entered by this Court pursuant to a stipulation between the parties that the taxpayer owes a section 6653(b) addition to tax is final as to the question of fraud, and the parties cannot later take inconsistent positions regarding such decision. Huddleston v. Commissioner, 100 T.C. 17 (1993). The facts of this case illustrate clearly the abuses that res judicata principles are designed to prevent, and the facts do so even more persuasively than the cases cited by the parties. We have here before us the decedent's executor and fiduciary wishing to reconsider his prior agreement regarding the same liabilities of an estate that were established by a stipulated decision entered more than 9 years ago. Petitioner in his capacity as executor of his father's estate was responsible for the filing of the estate's tax return. Sec. 6018(a)(1). In such capacity, he was responsible for the fraudulent return that was filed. Petitioner cannot now deny *637 such fraud. He was the estate's executor who participated, through counsel, in negotiating the settlement of the estate's deficiency, which included the addition for fraud. If res judicata were not applied, either party might become dissatisfied with his agreement and seek reconsideration. Cf. Krueger v. Commissioner, 48 T.C. at 829. A transferee should be protected from the Commissioner's changing his mind and seeking reconsideration of an agreement previously made by a transferor, and such transferee also should not be allowed to cast aside an agreement. Krueger v. Commissioner, supra at 830. This Court notes that the deficiency and addition to tax determined by the stipulated decision in the earlier case were much lower than the amounts asserted in the deficiency notice against the estate. Petitioner cannot now be relieved of his agreement. 2. Statute of Limitations on Assessments Against Fiduciaries and Transferees
The period of limitations for assessing tax liabilities against transferees and fiduciaries is specifically defined by section 6901(c). In the case of transferees, we must first determine *638 when the period of assessment expires against the transferor. Sec. 6901(c)(1). For fiduciaries, the period of limitations on assessments expires 1 year after the expiration of the period for collection of the tax. Sec. 6901(c)(3). Fraud, however, changes the equation. In the case of a fraudulent return, a tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time. Sec. 6501(c)(1); DiLeo v. Commissioner, 96 T.C. 858, 880 (1991), affd. 959 F.2d 16 (2d Cir. 1992). The stipulation and its subsequent adoption by this Court with the entry of the decision in the earlier case establishes fraud on the part of the transferor-estate and under such circumstances, an assessment may be made against the estate at any time. Where no statute of limitations bars assessment against a transferor, none bars assessment against the transferee. Bartmer Automatic Self Service Laundry, Inc. v. Commissioner, 35 T.C. 317, 322 (1960). Also, such stipulation as to fraud is conclusive that at least part of the deficiency was due to fraud, and it necessarily *639 follows that the return for the year involved was false and fraudulent as provided by section 6501(c)(1). Morley v. Commissioner, T.C. Memo. 1963-330. Respondent is not time barred on either theory of liability. 3. Fiduciary and Transferee Liability
Section 2002 requires an estate tax to be paid by an estate's executor; an executor may be held personally liable for the unpaid balance of an estate's tax liability under section 3467 of the Revised Statutes of the United States (now codified at 31 U.S.C. 3713(b) (1988)). See sec. 6901(a)(1)(B); sec. 20.2002-1, Estate Tax Regs. Section 3713(b) of 31 U.S.C. provides that every executor who pays any debt due by an estate for which he acts, before he satisfies and pays a claim due to the United States from such estate, shall be personally answerable to the extent of such payments. The word debt includes a beneficiary's distributive share of an estate. Sec. 20.2002-1, Estate Tax Regs. A fiduciary must also have had knowledge of the claim due the United States at a time when the estate had sufficient assets to pay the claim. It is this knowing disregard *640 of the debts due the United States that imposes liability on a fiduciary. Leigh v. Commissioner, 72 T.C. 1105, 1109 (1979). Petitioner does not contend that he did not act in a fiduciary capacity for the estate. To the contrary, petitioner stipulates that at all times relevant he was the executor of the estate. In this capacity, petitioner represented the deceased taxpayer in all matters that pertained to the liabilities of the estate. Petitioner filed the estate tax return and negotiated for a stipulated agreement regarding the deficiency and addition to tax asserted against the estate by respondent. It is important to note that it was not until 2 years after respondent had issued the estate a notice of deficiency that the remaining assets of the estate were transferred by petitioner, in his capacity as executor, to himself, as the sole beneficiary of the estate. Petitioner stipulated that the value of the assets distributed to himself exceeded the combined total of the estate's tax deficiency and the addition to tax for fraud pursuant to section 6653(b). Petitioner not only had direct knowledge of the estate's unpaid taxes, he also knew that *641 the estate had sufficient assets to pay the additional tax and additions to tax. In spite of this knowledge, petitioner chose to distribute estate assets to himself. Petitioner cannot escape fiduciary liability. Respondent seeks a determination that petitioner is also liable as a transferee. While we have little doubt of this, a discussion of the elements of transferee liability and an additional finding of transferee liability is unnecessary. Fiduciary liability can be more severe than transferee liability. Fitzgerald v. Commissioner, 4 T.C. 494, 504 (1944). A fiduciary can be liable to the extent he pays debts which do not have priority over the Government, yet a transferee's liability is limited to the value of the property he unjustly received. Grieb v. Commissioner, 36 T.C. 156, 161-162 (1961). On the facts before us, however, where petitioner is both the sole beneficiary of the estate's assets and its only transferee, as well as the estate's executor, and where the value of the assets transferred to him exceeds the tax deficiencies, petitioner's liability as either a fiduciary or a transferee is the same. *642 We have no doubt that he is liable in both capacities. Due to the fact that the parties stipulated to all relevant facts herein, and upon consideration of the law in this area, it appears that a motion for summary judgment might have been an appropriate vehicle to resolve this case. See Huddleston v. Commissioner, 100 T.C. 17 (1993). Decision will be entered for respondent. Footnotes
1. The fraud provisions of sec. 6653(b)↩ were renumbered by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, and are now sec. 6663.