SHIRLEY O'SULLIVAN, FRANK J. O'SULLIVAN, ANNE MARIE O'SULLIVAN AND NANCY C. O'SULLIVAN, TRANSFEREES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Sullivan v. Commissioner
Docket No. 24170-91
United States Tax Court
T.C. Memo 1994-17; 1994 Tax Ct. Memo LEXIS 16; 67 T.C.M. (CCH) 1968; January 12, 1994, Filed *16 Decision will be entered under Rule 155. Shirley O'Sullivan, pro se. For respondent: William A. McCarthy and Thomas E. Carter. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined transferee liability under section 6901 against Shirley O'Sullivan, Anne Marie O'Sullivan, Nancy C. O'Sullivan, and Frank J. O'Sullivan in the amounts of $ 4,310, $ 1,615, $ 1,615, and $ 1,615, respectively, plus interest, for unpaid 1983 Federal income taxes, and additions to tax, due from Frank P. O'Sullivan (decedent). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are (1) Whether petitioners Frank J. O'Sullivan, Anne Marie O'Sullivan, and Nancy C. O'Sullivan are liable as transferees for the unpaid 1983 Federal income tax liability of decedent, and, if so, the amount of such liability, including the amount of interest thereon; and (2) whether petitioner Shirley O'Sullivan is liable in her capacity as a fiduciary of the estate of decedent for all or part of the 1983 Federal income tax liability *17 of decedent, and, if so, the amount of such liability, including the amount of interest thereon. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition in this case was filed, all petitioners resided in California. Shirley O'Sullivan (Shirley) and decedent were divorced in 1969. They had three children together, Anne Marie O'Sullivan, Nancy C. O'Sullivan, and Frank J. O'Sullivan (children). Decedent did not file Federal income tax returns for 1983, 1984, or 1985. Decedent died on April 23, 1986. At the time of decedent's death, each of the children had reached the age of majority. Shirley was executrix of decedent's estate. She hired an attorney and an accountant to help her. Decedent's records consisted primarily of shoeboxes of receipts and mail, much of it unopened. Upon examining decedent's records, Shirley became aware of decedent's failure to file Federal income tax returns for 1984 and 1985. She was not aware that decedent did not file for 1983 because his records contained a photocopy of a 1983 Federal income tax return *18 that was filled out and signed, but not dated, by decedent. Shirley, her attorney, her accountant, and James Clerf (Clerf), an IRS representative, conferred several times in order to settle the estate and satisfy the IRS. On June 30, 1987, Clerf sent a letter to Shirley's attorney stating that decedent owed a total of $ 3,995 for taxable year 1984 and $ 3,223 for taxable year 1985. No mention was made in the letter of taxable year 1983. After settling the liabilities for taxable years 1984 and 1985, the estate was closed on August 28, 1987. Pursuant to an "Order Settling Final Account and for Distribution Under Will", issued by the Superior Court of the State of California, County of Los Angeles, Shirley distributed the following amounts on the following dates in her capacity as executrix of decedent's estate: Dates of Distributions
Amounts Anne Marie O'Sullivan:
7/28/87
$ 700  8/25/87
400  9/11/87
515  $ 1,615
Nancy C. O'Sullivan:
7/28/87
$ 700  8/25/87
400  9/11/87
515  $ 1,615
Frank J. O'Sullivan:
7/28/87
$ 700  9/10/87
915  $ 1,615
Shirley O'Sullivan:
8/12/87
$ 700  8/25/87
1,100
9/10/87
2,510
$ 4,310
The *19 $ 4,310 paid to Shirley represented statutory executrix commissions, including preventing foreclosure of decedent's home by arranging for a sale of the premises shortly before a foreclosure sale. Although decedent bequeathed Shirley a share of his estate, she did not accept her share, preferring to let it pass to the children. After the distributions of the funds identified above, the estate had no remaining assets. On September 1, 1987, Shirley received a letter from the IRS stating that the IRS had never received a 1983 Federal income tax return from decedent. She mailed the IRS a copy of decedent's 1983 Federal income tax return. The IRS did not allow any of the expenses reflected on Schedule A of decedent's 1983 Federal income tax return, and determined a deficiency in excess of the full amount transferred to petitioners. Consequently, the IRS asserted against petitioners the full amounts transferred to them, plus interest as provided by law, as section 6901 transferee liability. The parties have since agreed that $ 18,522 of the expenses reflected on Schedule A of decedent's 1983 Federal income tax return is to be allowed. By allowing the foregoing $ 18,522 of expenses, *20 decedent's corrected 1983 Federal income tax liability is as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6651(a)(2)
Sec. 6654
$ 3,628
$ 816
$ 907
$ 120
OPINION I. Transferee Liability for Unpaid Taxes
Pursuant to section 6901(a)(1)(A), in appropriate circumstances, respondent may assess and collect from a transferee of assets the unpaid income tax liability of the transferor. Phillips v. Commissioner, 283 U.S. 589, 592, 593 n.3 (1931) (discussing Revenue Act of 1926, ch. 27, sec. 280, 44 Stat. 9, 61, which was the predecessor to sec. 6901); Gumm v. Commissioner, 93 T.C. 475, 479 (1989), affd. without published opinion 933 F.2d 1014 (9th Cir. 1991). Section 6901 provides, in part: (a) METHOD OF COLLECTION. -- The amounts of the following liabilities shall * * * be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred: (1) INCOME, ESTATE, AND GIFT TAXES. -- (A) TRANSFEREES. -- The liability, at law or in equity, of a transferee *21 of property -- (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes),
* * * (b) LIABILITY. -- Any liability referred to in subsection (a) may be either as to the amount of tax shown on a return or as to any deficiency or underpayment of tax.
Section 6901(h) provides that a transferee may be a donee, heir, legatee, devisee, or distributee. Courts have defined a transferee as a person who takes or receives property of another "without full, fair and adequate consideration to the prejudice of creditors". United States v. Floersch, 276 F.2d 714, 717 (10th Cir. 1960). Respondent has the burden of proving all of the elements necessary to establish petitioners' liability as transferees, but not to show that decedent was liable for the tax. Sec. 6902(a); Rule 142(d). If respondent carries this burden of proof, the transferee is liable for the transferor's taxes due for the year of the transfer and for prior years, as well as any additions to tax, to the extent the amount of such does not exceed the value of the assets transferred. Estate of Glass v. Commissioner, 55 T.C. 543, 575 (1970), *22 affd. 453 F.2d 1375 (5th Cir. 1972). Here, since the value of the assets transferred to each of the children is less than the amount of taxes, additions to tax, and interest due from decedent for taxable year 1983, the maximum transferee liability of each child is the amount transferred, plus interest. The determination as to the transferee's liability for the transferor's obligation, and the extent of that liability, depends upon State law. Commissioner v. Stern, 357 U.S. 39, 45 (1958); Adams v. Commissioner, 70 T.C. 373, 389 (1978), affd. without published opinion 688 F.2d 815 (2d Cir. 1982). All transfers in this case occurred in California; hence California law governs. Adams v. Commisioner, supra at 390. The applicable California law here is California Civil Code section 3439.05 (West 1993 Supp.), which provides: A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the *23 obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
Thus, in order to establish that the children are liable as transferees for the amounts they received from decedent's estate, respondent must prove that: (1) Decedent owed a debt to the IRS; (2) the IRS' claim against decedent arose before the transfer was made; (3) decedent (or decedent's estate) made the transfer without receiving a reasonably equivalent value in exchange for the transfer; and (4) decedent was insolvent at the time of, or became insolvent as a result of, the transfer. Addressing the first element, California Civil Code section 3439.01 (West 1993 Supp.) defines a "debtor" as "a person who is liable on a claim". Decedent is liable to the IRS on a claim for his 1983 Federal income tax liability. Hence, the first requirement has been met. As for the second requirement, the IRS is a creditor whose claim against decedent arose before the transfer was made. Assessment of the tax before the transfer is not necessary; the tax is ascertainable when *24 the tax period ends, and if the tax is not paid when due, the IRS is considered to be a creditor as of the close of the applicable tax year. See In re Serignese, 214 F. Supp. 917 (D. Conn. 1963), a-affd. sub nom. Goring v. United States, 330 F.2d 960 (2d. Cir. 1964); LaMothe v. Commissioner, T.C. Memo. 1990-63. The tax period has ended, the tax was not paid when due, and the due date was prior to the transfer date. Thus, the second requirement has been met. Regarding the third requirement, decedent (and decedent's estate) did not receive a "reasonably equivalent value" in exchange for the transferred assets. The children did not provide any consideration in return for their shares. Thus, the third requirement has been met. With regard to the fourth requirement, decedent's estate was rendered insolvent as a result of the transfers. We have held that the transferee is liable irrespective of the particular moment at which the transferor lapsed into insolvency, if such insolvency results no later than at the end of a series of transfers. Hagaman v. Commissioner, 100 T.C. 180 (1993); *25 Hamar v. Commissioner, 42 T.C. 867 (1964); Don v. Commissioner, T.C. Memo. 1971-130, supplemented by T.C. Memo. 1972-31; see also Security Counselors, Inc. v. Commissioner, T.C. Memo. 1989-580; G&G Records, Inc. v. Commissioner, T.C. Memo. 1983-343. Hence, the fourth requirement has been met. Because all four requirements have been met, each of the children is severally liable as a transferee for the amount each received from decedent's estate. Mann v. Commissioner, T.C. Memo. 1976-78. In cases like the one at bar -- where the value of the assets transferred is less than the Federal tax liability of the transferor and the transferee liability arises under State law -- the interest liability of the transferee from the date of transfer to the date of the notice of transferee liability is determined by State law. Patterson v. Sims, 281 F.2d 577, 580-581 (5th Cir. 1960); Estate of Stein v. Commissioner, 37 T.C. 945, 961 (1962). California *26 Civil Code section 3287 (West 1970) states: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him on a particular day, is entitled also to recover interest thereon from that day". Hence, under California law, respondent has the right to interest on the payments received by the transferees from the date each transfer was made until the issuance of the notice of transferee liability. See Don v. Commissioner, T.C. Memo. 1972-31; see also Stein v. Southern Cal. Edison Co., 7 Cal. App. 4th 565, 8 Cal. Rptr. 2d 907 (1992). The legal rate of interest in California is 7 percent. Cal. Civ. Code sec. 1916-1 (West 1970). Therefore, each of the children is liable for interest, at a rate of 7 percent, from the date of transfer to him or her until the date of the issuance of the notice of transferee liability to him or her. Each is also liable for interest from the latter date until his or her liability is paid. Estate of Stein v. Commissioner, supra; see Baptiste v. Commissioner, 100 T.C. 252 (1993). *27 The rates for the latter interest are as provided under sections 6601 and 6621 of the Internal Revenue Code. 2. Fiduciary Liability for Unpaid Taxes
Under 31 U.S.C. section 3713 (1988), "A representative of a person or an estate * * * paying any part of a debt of the person or the estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government". Courts have departed from a literal interpretation of this statute by holding that the fiduciary is liable only if, at the time of distribution, such fiduciary had either (1) actual knowledge of the liability to the Government, or (2) notice of such facts as would put a reasonably prudent person on inquiry as to the existence of the unpaid claim of the United States. See, e.g., Leigh v. Commissioner, 72 T.C. 1105, 1110 (1979); Bank of the West v. Commissioner, 93 T.C. 462, 474 (1989); Frost v. Commissioner, T.C. Memo. 1993-94. Once the fiduciary is charged with knowledge of the debt, an honest belief that the liability would be paid does not *28 relieve the fiduciary of liability; the fiduciary has a duty to see that the debt is, in fact, paid. Leigh v. Commissioner, 72 T.C. 1105, 1110 (1979). Shirley was a credible witness. She testified that she was not aware of the 1983 Federal income tax liability until after she made the distributions. We are satisfied that Shirley did not know of decedent's 1983 Federal income tax liability when she made the distributions. Further, in light of the photocopy of decedent's 1983 Federal income tax return she possessed and her contacts with the IRS, we are satisfied that she was not on notice of such facts as would put a reasonably prudent person on inquiry as to the existence of the unpaid claim of the United States. In any event, expenses of administering an estate -- a category that includes the executrix commissions to Shirley -- ordinarily enjoy priority over nonlien Federal tax claims despite the insolvency statute (formerly Revised Statutes Section 3466 (1988), now 31 U.S.C. Section 3713). See, e.g., Kennebec Box Co. v. O.S. Richards Corp., 5 F.2d 951 (2d Cir. 1925); Smith v. Commissioner, 24 B.T.A. 807 (1931); *29 United States v. Weisburn, 48 F. Supp. 393, 397 (E.D. Pa. 1943); see Rev. Rul. 80-112, 1980-1 C.B. 306. Consequently, we hold that Shirley is not liable as a fiduciary of decedent's estate. Accordingly, she is not liable as a fiduciary in respect of the $ 4,100 received as compensation for services she provided as executrix of the estate. To reflect the foregoing, Decision will be entered under Rule 155.