ALBERT J. HUDDLESTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Huddleston v. Commissioner
Docket No. 20536-90.
United States Tax Court
T.C. Memo 1994-131; 1994 Tax Ct. Memo LEXIS 139; 67 T.C.M. (CCH) 2521; March 29, 1994, Filed *139 Albert J. Huddleston, pro se. Susan Smith Canavello, for respondent. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on the parties' cross-motions for summary judgment. [1]
The issue raised by the parties in their cross-motions for summary judgment is whether petitioner is personally liable as a fiduciary under section 6901 with respect to a $ 345,147 deficiency in the Federal estate tax of the Estate of Madeline S. Huddleston (decedent) *140 and with respect to the related $ 172,573 fraud addition to tax under section 6653(b). Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. The liability of decedent's estate for the Federal estate tax liability and the related fraud addition to tax were at issue in this Court in Estate of Madeline S. Huddleston, Deceased, Albert J. Huddleston, Personal Representative v. Commissioner, docket No. 165-88. In that case, petitioner represented decedent's estate. On March 30, 1989, a final decision in docket No. 165-88 was stipulated by petitioner and by respondent's counsel and was entered by this Court. That decision sets forth the amount of the deficiency in decedent's Federal estate tax liability (namely, $ 345,147) and the amount of the estate's liability for the related fraud addition to tax under section 6653(b) (namely, $ 172,573). That decision was not appealed. By order of February 6, 1992, we granted in part respondent's motion for partial summary judgment in this case. We concluded that the doctrine of judicial estoppel applied to preclude petitioner from *141 arguing that he was not a fiduciary of decedent's estate at the time he represented decedent's estate and signed on behalf of the estate a stipulated decision in docket No. 165-88, and therefore we concluded that the amount of the estate's Federal estate tax deficiency and the applicability of the fraud addition to tax were established herein by the doctrine of res judicata (i.e., by the entry of the stipulated decision in docket No. 165-88). Huddleston v. Commissioner, 100 T.C. 17 (1993). The operative facts in this case have already been the subject of extensive litigation in this Court, see Huddleston v. Commissioner, supra, and in petitioner's bankruptcy court proceeding which was appealed to and finalized by the U.S. Court of Appeals for the Fifth Circuit (Court of Appeals). Huddleston v. Delgiorno, 978 F.2d 711 (5th Cir. 1992). The following is a summary of the undisputed facts. Petitioner resided in Kenner, Louisiana, at the time his petition was filed. Petitioner was the husband of decedent, who died intestate on January 17, 1981. Decedent was survived by petitioner and *142 by four minor children. On February 23, 1981, petitioner applied to the probate court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana (probate court), for appointment as administrator of decedent's estate. On February 26, 1981, the probate court appointed petitioner administrator of decedent's estate and ordered petitioner to file with the probate court a descriptive list of decedent's property. Petitioner filed a sworn descriptive list of decedent's property with the probate court, but petitioner did not disclose thereon a substantial portion of decedent's property. On June 18, 1981, petitioner petitioned the probate court to close decedent's succession proceeding, to discharge his appointment as administrator of decedent's estate, and to enter a judgment of possession. Accordingly, the probate court, apparently also on June 18, 1981, discharged petitioner as administrator and entered a judgment of possession and therein recognized petitioner as decedent's surviving spouse, entitled to an undivided one-half of the community property. The judgment of possession covered all of the property listed by petitioner in the descriptive list *143 and all other community property whether or not it was included in the descriptive list. Upon the probate court's entering of the judgment of possession, decedent's entire estate became available for distribution. Decedent's four children also were recognized in the probate court's judgment of possession as heirs of decedent and as entitled to decedent's undivided one-half of the community property, subject to petitioner's usufruct. [2]
Two days later, on June 20, 1981, petitioner remarried, which event, under Louisiana law, terminated petitioner's usufruct in the undivided one-half of decedent's property that the children had inherited. Petitioner, however, never notified his children of their interests in decedent's *144 property, nor that his usufruct in that property terminated upon his remarriage on June 20, 1981. Petitioner, thereafter, continued to possess and control all of the property of decedent's estate as he had from the date of decedent's death, and petitioner failed to inform decedent's surviving children of their interests in the property. On or about October 17, 1981, petitioner signed and filed with respondent the Federal estate tax return for decedent's estate. Petitioner signed the return as decedent's personal representative. Petitioner omitted from the return the same property that he had omitted from the sworn descriptive list that he had filed with the probate court. On December 7, 1987, in the U.S. District Court for the Eastern District of Louisiana (District Court), petitioner entered a plea of nolo contendere to an indictment under section 7206(1) for willfully and fraudulently filing the estate's Federal estate tax return, which he knew did not correctly reflect the total assets of decedent's estate. In a written admission signed by petitioner and filed with the District Court in connection with petitioner's plea of nolo contendere, petitioner admitted that an addition *145 to tax for fraud under section 6653(b) would be applicable to any deficiency in Federal estate tax determined to be owed by decedent's estate. On January 29, 1988, petitioner and Helen Ulrich, petitioner's second wife, voluntarily filed for bankruptcy under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Louisiana (bankruptcy court). In re Ulrich and Huddleston, Nos. 88-00415B and 88-0507B (Bankr. E.D. La.). On October 20, 1988, three of decedent's surviving children filed in the bankruptcy court a complaint against petitioner (their father) for recovery of money or property. Petitioner's youngest daughter, Alicia (then still a minor) intervened in that proceeding through a curator ad hoc. In the complaint of petitioner's children in the bankruptcy court, the children sought damages against petitioner, alleging misconduct and breach of petitioner's duties as a fiduciary of decedent's estate and as holder of a usufruct in the property interests they were to inherit from decedent, based on petitioner's wrongful conversion of their property interests in decedent's estate. On July 27, 1990, after an adversary proceeding in the bankruptcy *146 court involving the allegations by decedent's children of petitioner's misconduct in the handling of the property of decedent's estate, the bankruptcy court entered a decision finding, among other things, that petitioner breached his duties as holder of a usufruct by failing to deliver to his children their share of decedent's property upon termination of his usufruct in the property and by continuing to possess and control the property while concealing from his children their ownership interests therein. The bankruptcy court further found that petitioner breached his fiduciary duties as administrator of decedent's estate and acted fraudulently by the "blatant omission" of a portion of decedent's property from the sworn descriptive list filed with the probate court and from the Federal estate tax return, and the bankruptcy court found that petitioner was "completely at fault" and was accountable for the interest and penalties owed with respect to the estate's Federal estate tax deficiency. The bankruptcy court concluded that petitioner was liable for conversion [3] of decedent's property as a result of his continued willful and intentional acts of dominion and control over the property *147 of decedent's estate without informing the children of their interests therein. On August 31, 1990, respondent mailed a notice of fiduciary liability under section 6901 to petitioner with respect to petitioner's alleged liability for the Federal estate tax deficiency and the fraud addition to tax determined in the stipulated decision entered against decedent's estate in docket No. 165-88. Petitioner appealed the judgment of the bankruptcy court to the U.S. District Court for the Eastern District of Louisiana. By written opinion dated February 3, 1992, the District Court affirmed in part, modified in part, and vacated in part the judgment of the bankruptcy court. See In re Ulrich and Huddleston, No. 90-3803 (E.D. La. Feb. 3, 1992). The District *148 Court affirmed the bankruptcy court's findings that petitioner breached his duties as a holder of a usufruct and his fiduciary duties as administrator of decedent's estate. The District Court found, among other things, that petitioner breached those duties by failing to pay the proper Federal estate tax due and by failing to inform the children of their interests in the property. The District Court further affirmed the bankruptcy court's finding that petitioner was liable for all damages resulting from these breaches because of his "bad faith", because of his attempt to keep the children's property, and because of his attempt to conceal the property from the children. The District Court reversed the bankruptcy court's finding that petitioner was liable for conversion, but the District Court concluded that petitioner's fiduciary liability was otherwise established. The District Court modified the bankruptcy court's judgment concerning the amount of damages owed by petitioner in order to allow petitioner credit for the $ 93,675 of estate taxes that petitioner had paid when he filed the Federal estate tax return for decedent's estate. In its decision, the District Court expressly *149 affirmed the bankruptcy court's judgment that petitioner was liable for additional damages equal to the $ 172,573 fraud addition to the estate's Federal estate tax liability. The District Court treated the amount of the fraud addition to the estate's Federal estate tax liability as final, and the District Court noted that any attempt by petitioner to dispute the amount of the fraud addition would be contrary to the admission petitioner made in connection with the nolo contendere plea he entered into in the District Court. On October 27, 1992, the U.S. Court of Appeals for the Fifth Circuit, among other things, affirmed per curiam without published opinion the above decision of the District Court and summarized the unfortunate factual scenario before us, as follows -- the fact remains that in 1981 [petitioner] took possession of the entire community and acted towards the children and the entire world as if the property was entirely his -- when in fact an undivided half interest in the property of the community * * * belonged to the children. [Petitioner] was a savvy lawyer and had to know better, yet he did not inform his own children of their legal rights or their property *150 holdings. Moreover, as administrator of their mother's estate, usufructuary, and tutor-apparent of the estates of his minor children, it was his duty to do so. Neither did he deliver the property to his children as required when his usufruct terminated. By the time the children found out about their inheritance, much of its value had been dissipated and altered (several of the closely held companies that made up the estate had filed for bankruptcy) and was no longer available for delivery or partition. [Huddleston v. Delgiorno, 978 F.2d 711 (5th Cir. 1992) (slip op. at 8).]
Further, the Court of Appeals affirmed the bankruptcy court's award of damages to the children and the District Court's modification of those damages (namely, allowing petitioner credit for the $ 93,674 estate tax payment he had made) which included the following amounts: (1) $ 172,573 for the fraud addition to tax for which the children had become liable as transferees of property from decedent's estate; (2) $ 321,660 for the loss of income on promissory notes that were the property of the community but which had not been included in the succession; and (3) $ 779,355 for *151 losses to the children's real estate and other property found by the bankruptcy court to have resulted from petitioner's improper use of their property. Huddleston v. Delgiorno, supra.
Summary judgment is appropriate where the record shows that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd.    F.3d     (7th Cir. 1994); Marshall v. Commissioner, 85 T.C. 267, 271 (1985); Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. without published opinion 956 F.2d 1162 (4th Cir. 1992). The party seeking summary judgment bears the initial responsibility to inform the court of the basis for the motion for summary judgment and to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing *152 sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. "Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. at 324 (quoting Fed. R. Civ. P. 56). The nonmoving party may not rest upon mere allegations or denials of the pleadings, but the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). At trial, petitioner would have the burden of proving that he was not liable as a fiduciary under 31 U.S.C. sec. 3713(b) (1982). Estate of Frost v. Commissioner, T.C. Memo. 1993-94 (citing McCourt v. Commissioner, 15 T.C. 734 (1950)). Section 2002 requires administrators of estates to pay estate taxes, and this duty applies to the entire estate tax. Sec. 20.2002-1, Estate *153 Tax Regs. Under 31 U.S.C. sec. 3713(b) (1982), [4] an administrator who pays a "debt" due by an estate for which he acts before he satisfies and pays "claims of the Government" due from such estate, shall be personally liable to the extent of such payments. The word "debt" includes a beneficiary's distributive share of an estate, sec. 20.2002-1, Estate Tax Regs., and the phrase "claims of the Government" includes estate taxes and resulting additions to tax that are owed to the United States. Bank of the West v. Commissioner, 93 T.C. 462, 471 (1989), and cases cited therein. Thus, if an administrator "distributes any portion of the estate before all the estate tax is paid, he is personally liable, to the extent of the * * * distribution, for so much of the estate tax as remains due and unpaid." Sec. 20.2002-1, Estate Tax Regs. *154 Fiduciaries of estates are personally liable for debts owed to the United States only if the fiduciary knew or should have known of the existence of the debt at the time the fiduciary distributed assets of the estate. Bank of the West v. Commissioner, supra at 474; Leigh v. Commissioner, 72 T.C. 1105, 1109-1110 (1979); O'Sullivan v. Commissioner, T.C. Memo. 1994-17; Estate of Frost v. Commissioner, supra. This knowledge requirement is satisfied by either actual knowledge of the United States' unpaid claim or notice of such facts as would put a reasonably prudent person on inquiry as to the existence of the unpaid claim. Leigh v. Commissioner, supra at 1110; Estate of Frost v. Commissioner, supra.
Respondent contends that all of the factual issues necessary to find petitioner liable as a fiduciary under 31 U.S.C. sec. 3713(b), for the full amount of the estate tax deficiency and the fraud addition to tax, have already been established either *155 by this Court or by the Court of Appeals. [5] Respondent contends that the only issue remaining is the legal issue of whether these established facts support a finding that petitioner is personally liable as a fiduciary for the amounts determined by respondent in the notice of fiduciary liability. In this case, summary judgment for respondent is appropriate if the following three facts are established that would allow us to find as a matter of law that petitioner is liable, under 31 U.S.C. sec. 3713(b), as a fiduciary for the estate tax deficiency and fraud addition to tax at issue: (1) That petitioner was a fiduciary of decedent's estate; *156 (2) that petitioner, as fiduciary, distributed the estate's assets before paying a claim of the United States; and (3) that petitioner knew or should have known of the United States' claim at a time when the estate had sufficient assets to pay the claim. In our opinion in Huddleston v. Commissioner, 100 T.C. 17 (1993), we granted respondent's motion for partial summary judgment and concluded that petitioner was judicially estopped from denying that he was a fiduciary of decedent's estate and that petitioner had the authority to file with respondent the estate's Federal estate tax return. Thus, petitioner's fiduciary status with respect to decedent's estate is established. Petitioner asserts that he did not distribute the estate's assets because the judgment of possession did not contain a description of the assets which formed the basis for respondent's determination of the estate tax deficiency. Petitioner further asserts that the finding of the Court of Appeals that petitioner converted assets of the estate precludes our finding that petitioner distributed assets of the estate within the meaning of 31 U.S.C. sec. 3713 *157 (b). Petitioner's assertions are without merit. Petitioner filed with the probate court a sworn descriptive list of decedent's property, but petitioner did not disclose thereon a substantial portion of decedent's property. Petitioner, on June 18, 1981, petitioned the probate court to close decedent's succession proceeding, and apparently on the same date, the probate court entered a judgment of possession at which time the assets of the estate became available for distribution. It is irrelevant which assets were included in the judgment of possession because the judgment of possession included all of the assets in which decedent had an interest whether or not the assets were included in the descriptive list filed by petitioner. The Court of Appeals found that petitioner converted all of the assets of decedent's estate to his own use, when in fact an undivided one-half interest in the community property belonged to the children. Huddleston v. Delgiorno, 978 F.2d 711 (5th Cir. 1992). Thus, petitioner, after the judgment of possession was entered, distributed decedent's undivided one-half interest in the community property to the children at which *158 time petitioner converted the assets to his own use. The fact that petitioner converted the children's interest in the estate to his own use instead of applying a portion of it to pay the estate tax hardly shields petitioner from fiduciary liability under 31 U.S.C. sec. 3713(b). There is no dispute that the unpaid estate tax and related fraud addition to tax constitute a claim owed to the United States within the meaning of 31 U.S.C. sec. 3713(b). See Bank of the West v. Commissioner, 93 T.C. 462, 471 (1989). We find, therefore, that petitioner distributed or diverted property of the estate before paying a claim of the United States. We turn to the question of whether petitioner had knowledge or notice of the estate tax liability at the time he distributed the estate's assets and whether, at that time, the estate had sufficient assets to pay the estate tax liability. In connection with his plea of nolo contendere to an indictment under section 7206(1) for willfully and fraudulently filing the estate's Federal estate tax return, petitioner admitted that he intentionally and *159 knowingly did not include all of decedent's assets in the reported gross estate. Further, the Court of Appeals affirmed the bankruptcy court's and District Court's findings that petitioner had fraudulently excluded from decedent's reported gross estate a portion of the children's one-half interest in the community assets and that petitioner was liable for the fraud addition to tax. Petitioner does not claim that he did not know that estate taxes were due on the assets he had omitted from decedent's reported gross estate. Moreover, a reasonably prudent person, and certainly an attorney such as petitioner, would know that estate taxes would be owed on assets that were improperly omitted from decedent's reported gross estate. The fact that petitioner paid estate taxes on the assets that he did include in decedent's reported gross estate is further evidence that petitioner knew that additional estate taxes were owed to the United States with respect to the assets he had omitted from decedent's reported gross estate. Based on the record in this case, we find that petitioner knew or had reason to know that estate taxes were owed to the United States at the time he distributed and converted *160 all of the estate's assets to himself. Petitioner further asserts that the extent or amount of his fiduciary liability has not been established by the facts contained in the record. The extent of petitioner's fiduciary liability, however, was established by this Court's final decision in Estate of Madeline S. Huddleston, Deceased, Albert J. Huddleston, Personal Representative v. Commissioner, docket No. 165-88, which sets forth the amount of the deficiency in Federal estate tax ($ 345,147) and the amount of the estate's liability for the related fraud addition to tax ($ 172,573). There is, therefore, no dispute as to the amount of estate tax owed and as to the amount of the related fraud addition to tax. Also established in the final decision in docket No. 165-88 is the fact that the taxable estate which gave rise to the estate's tax liability was $ 1,456,279. We conclude that the total value of the estate's assets that petitioner distributed was $ 1,456,279, which value exceeded the combined total of the estate's tax deficiency and the related addition to tax for fraud determined by respondent (namely, $ 517,720). The estate, therefore, at the time petitioner distributed *161 the estate's assets to himself, had sufficient assets with which to pay the estate tax deficiency and fraud addition to tax determined by respondent. Thus, the extent of petitioner's fiduciary liability has been established. The facts contained in the extensive record and proceedings in this case establish, as a matter of law, petitioner's fiduciary liability under 31 U.S.C. sec. 3713(b), and petitioner is therefore personally liable for the full amount of the estate tax deficiency and the related fraud addition to tax (namely, $ 345,147 and $ 172,573, respectively). Sec. 6901(a)(1)(B). We grant respondent's motion for summary judgment in full and deny petitioner's motion for summary judgment. An appropriate order and decision will be entered. Footnotes
1. Cases of the following petitioners were consolidated herewith: Alicia St. John Huddleston, Transferee, docket No. 14693-90; Kevin D. Huddleston, Transferee, docket No. 17507-90; Lindsay M. Huddleston, Transferee, docket No. 17536-90; and Meghan H. Delgiorno, Transferee, docket No. 17547-90. By stipulated decisions entered on September 27, 1993, the transferee liabilities of Kevin D. Huddleston, Lindsay M. Huddleston, and Meghan H. Delgiorno were settled. The case of Alicia St. John Huddleston remains consolidated herewith and is still pending.↩
2. La. Civ. Code Ann. art. 890↩ (West Supp. 1992). Usufruct may be defined, generally, under civil law, as the right to enjoy the property of another and to obtain all of the profit, utility, and advantages produced by the property without altering its substance. Black's Law Dictionary 1384 (5th ed. 1979).
3. Under Louisiana law, conversion is defined as a "distinct act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's rights therein." Guidry v. Rubin, 425 So. 2d 366, 371↩ (La. Ct. App. 1982).
4. 31 U.S.C. sec. 3713(b) (1982) provides as follows: A representative of a person or an estate * * * paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.↩
5. Both parties concede that the decision of the U.S. Court of Appeals for the Fifth Circuit in Huddleston v. Delgiorno, 978 F.2d 711 (5th Cir. 1992), is binding on this Court. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).