T.C. Memo. 2003-87

UNITED STATES TAX COURT

TIMOTHY DEAN STRONG, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

STRONG CONSTRUCTION COMPANY, INC., A MINNESOTA CORPORATION,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 821-01, 2048-01.          Filed March 25, 2003.

<u>Thomas E. Brever</u>, for petitioners.

<u>John C. Schmittdiel</u> and <u>Helen H. Keuning</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  These cases are before
the Court on petitioners' motion in each docket for partial
summary judgment, filed pursuant to Rule 121.[1]  Respondent filed

---

[1]  At the hearing on this matter respondent requested that
(continued...)

an objection to the motion in each docket.  Petitioners contend
that there is no material issue of fact and that they are
entitled to partial summary judgment as a matter of law.  In
particular, petitioners seek to preclude respondent from
asserting judicial estoppel.  Respondent has invoked that
doctrine in an attempt to bar petitioners from introducing
evidence of cash on hand as the source of deposits alleged by
respondent to be income to petitioners.

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials.  Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be
granted with respect to all or any part of the legal issues in
controversy "if the pleadings, answers to interrogatories,
depositions, admissions, and any other acceptable materials,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that a decision may be
rendered as a matter of law."  Rule 121(a) and (b); see
Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd.
17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753,

---

¹(...continued)
his objection in each docket be considered as a cross-motion for
partial summary judgment.  Given our conclusion herein, we need
not act on this request.  Unless otherwise indicated, all section
references are to the Internal Revenue Code, as amended, and all
rule references are to the Tax Court Rules of Practice and
Procedure.  By order dated Nov. 13, 2002, these dockets were
consolidated.

754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

In these cases, we believe that there are genuine issues as to material facts that preclude decisions as a matter of law with regard to the imposition of judicial estoppel. As explained in detail below, we shall deny petitioners' motions for partial summary judgment.

Background

Petitioner Timothy Dean Strong (Strong), docket No. 821-01, is the sole owner of petitioner Strong Construction Company, Inc.(SCC), docket No. 2048-01. Operating through SCC, Strong constructed houses for resale. In 1990, Strong had become involved in an unprofitable business venture which resulted in numerous creditors' attempting to collect debts from him. Strong filed for relief from these creditors under chapter 7 of the Bankruptcy Code on May 9, 1990. On Schedule B-2 of his bankruptcy petition, Strong listed "zero" as the amount of cash on hand. SCC was not a party to the bankruptcy proceeding, and Strong did not list his ownership interest in SCC in his schedule of assets. Strong received a discharge in bankruptcy on August

15, 1990.

In March 1995, Strong filed his individual Federal income tax returns for the years 1990, 1991, 1992, and 1993 with the Internal Revenue Service. He filed his individual Federal income tax return for 1994 on April 15, 1995. For each of those years, Strong's income tax returns reported taxable income of zero, or a loss. SCC did not file income tax returns for any of the years at issue.

Respondent determined that Strong understated his income from the construction business during the years in issue, and, further, that he had overstated deductible expenses. Additionally, during the examination of Strong's income tax returns, respondent examined a bank account, No. 893315300, at First Bank of Coon Rapids, later named Marquette Bank Coon Rapids. Both Strong and SCC are identified as account holders on that account. Respondent identified numerous deposits to that account made in cash from unidentified sources. Respondent determined that home sales reported on Strong's returns were the source of certain of these cash deposits. Respondent determined that the remaining deposits to the account came from an unidentified source and constituted unreported income of Strong and SCC.

Respondent issued a notice of deficiency to Strong dated October 18, 2000. On November 14, 2000, respondent issued a

notice of deficiency to SCC. Respondent determined that both Strong and SCC were liable for Federal income taxes on unreported income for the taxable years ended December 31, 1990 through December 31, 1994.[2]

Strong and SCC filed timely petitions with this Court. At the time the petitions were filed, Strong resided at Clear Lake, Minnesota, and SCC's place of business was New Hope, Minnesota. Strong asserts that, before 1990, he had accumulated approximately $165,000 in cash from the conduct of his construction business, as well as from the sale of personal assets and from savings made while he served with the United States Navy. In his pleadings, he maintains that transactions with this accumulated cash explain the unidentified deposits, as well as other purchases and expenditures made during the years in issue.

In an Amendment to Answer, respondent alleges that the doctrine of judicial estoppel prevents Strong from arguing that he had cash accumulations of $165,000 in 1990, in view of the fact that Strong had asserted in a 1990 bankruptcy petition that he had no such cash.

---

[2] Petitioner maintains that the notice of deficiency to Strong is consistent with Strong's practice of reporting that he operated the construction business directly. Respondent's answer offers the alternative position that, if SCC is a taxable entity, then Strong should be charged with constructive dividends in the amount of SCC's net income.

In the motions for partial summary judgment, petitioners argue that the doctrine of judicial estoppel does not bar Strong or SCC from arguing that Strong possessed the claimed accumulation of cash. Petitioners maintain that they should not be bound by Strong's failure to report this cash in the 1990 bankruptcy proceeding, alleging that Strong's bankruptcy attorney specifically advised him not to list the accumulated cash as an asset in the bankruptcy petition. Petitioners indicate that Strong, and, possibly, the bankruptcy attorney were confused about whether the $165,000 was Strong's or SCC's. Strong states that his resulting failure to list the cash in the bankruptcy proceeding was thus unintentional, or a mistake. Petitioners also point out that the bankruptcy attorney was subsequently suspended from practice and has since retired.

Respondent filed an objection to petitioners' motions. Respondent maintains that, as a matter of law, the doctrine of judicial estoppel precludes petitioners' "cash hoard" argument here, whether or not Strong's failure to report the cash in the bankruptcy proceeding was the result of bad advice from his bankruptcy attorney. Respondent alternatively argues that, even if petitioners are correct that erroneous legal advice is a defense to judicial estoppel, there remain unresolved material issues of fact about that legal advice. Respondent offers the affidavit of Strong's bankruptcy attorney in which the attorney

states that he did not advise Strong to omit any cash on hand during the bankruptcy proceeding.  If that is so, respondent argues that Strong cannot support his assertion of erroneous legal advice as a defense to judicial estoppel.  Respondent maintains that, because Strong and the bankruptcy attorney differ as to whether Strong was advised to omit the cash hoard, there remains an unresolved material issue of fact which renders summary judgment inappropriate.

## Discussion

Judicial estoppel is an equitable doctrine that prevents parties in subsequent judicial proceedings from asserting positions contradictory to those they previously have affirmatively persuaded a court to accept.  Huddleston v. Commissioner, 100 T.C. 17, 26 (1993).  The doctrine of judicial estoppel focuses on the relationship between a party and the courts; it seeks to preserve the integrity of the judicial process by preventing a party from successfully asserting one position before a court and thereafter asserting a contradictory position before the same or another court merely because it is now in that party's interest to do so.  Id.  Such manipulation of the judicial process by a party has been characterized by the courts as "cynical gamesmanship  * * * to suit an exigency of the moment", Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990); "blowing hot and cold", Allen v. Zurich Ins. Co., 667

F.2d 1162, 1167 n.3 (4th Cir. 1982); and "playing fast and loose with the courts", Scarano v. Central R.R., 203 F.2d 510, 513 (3d Cir. 1953); see Huddleston v. Commissioner, supra.

Judicial estoppel must, however, be applied with caution. Daugharty v. Commissioner, T.C. Memo. 1997-349, affd. without published opinion 158 F.3d 588 (11th Cir. 1998). Such caution is necessary in order "to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." Teledyne Indus., Inc. v. NLRB, supra at 1218; see also Allen v. Zurich Ins. Co., supra at 1166; Fazi v. Commissioner, 105 T.C. 436, 445-446 (1995). The courts have adopted the doctrine of judicial estoppel to protect the integrity of proceedings before them, and the courts possess discretion in invoking the doctrine. Fazi v. Commissioner, supra at 446; see also In re Cassidy, 892 F.2d 637, 642 (7th Cir. 1990).

With this background we now consider whether we should decide the issue, the applicability of judicial estoppel, in the context of petitioners' motions for partial summary judgment. In this connection, we note that the parties do not agree as to the facts surrounding the failure to include any cash accumulation in the bankruptcy proceeding. Principally, the parties do not agree on whether the failure to include a cash accumulation was a

"mistake or inadvertent omission". Petitioners, in their motion in each docket, assert that there was a mistake or inadvertence. While respondent does not agree with petitioners' assertion, respondent assumes in the alternative that the failure to list a cash accumulation in the bankruptcy proceeding was due to mistake or inadvertence and suggests that the defense is legally insufficient.

We decline petitioners' invitation to decide whether mistake or inadvertence is a defense to respondent's claim of judicial estoppel. There appear to be genuine issues of material fact relating to omission of a cash accumulation in the bankruptcy matter, and concerning whether there was acceptance by the bankruptcy court of a position of Strong inconsistent with his position here. The application of judicial estoppel is not ripe for decision while the factual premises are uncertain.

<u>An appropriate order will be issued denying petitioners' motions for partial summary judgment</u>.