ALICIA ST. JOHN HUDDLESTON, TRANSFEREE, A MINOR, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos.  14693–90, 17507–90,  Filed January 13, 1993.
17536–90, 17547–90,
20536–90.

---

[1] Cases of the following petitioners are consolidated herewith: Kevin D. Huddleston, Transferee, docket No. 17507–90; Lindsay M. Huddleston, Transferee, docket No. 17536–90; Meghan H. Delgiorno, Transferee, docket No. 17547–90; and Albert J. Huddleston, docket No. 20536–90.

Alicia St. John Huddleston, pro se in docket No. 14693–90.

*William A. Neilson, A. Albert Ajubita,* and *Douglas L. Salzer,* for petitioner Kevin D. Huddleston in docket No. 17507–90, for petitioner Lindsay M. Huddleston in docket No. 17536–90, and for petitioner Meghan H. Delgiorno in docket No. 17547–90.

*Albert J. Huddleston,* pro se in docket No. 20536–90.

*Susan Smith Canavello,* for respondent.

## OPINION

SWIFT, *Judge:* This matter is now before us on petitioner Albert J. Huddleston's (petitioner)[2] motion for summary judgment.

The underlying issue in these consolidated cases is the correctness of respondent's determination that petitioner is liable as a fiduciary under section 6901[3] with respect to a $345,147 deficiency in the Federal estate tax of the Estate of Madeline S. Huddleston (decedent), and with respect to the related $172,573 fraud addition to tax under section 6653(b).

The estate's Federal estate tax liability and the related fraud addition to tax were at issue in this Court in *Estate of Madeline S. Huddleston, Deceased, Albert J. Huddleston, Personal Representative v. Commissioner,* docket No. 165–88. In that case, petitioner represented decedent's estate.

On March 30, 1989, a final decision in docket No. 165–88 was stipulated by petitioner and by respondent's counsel and was entered by this Court. That decision sets forth the amount of the deficiency in the Federal estate tax of the Estate of Madeline S. Huddleston (namely, $345,147) and the

---

[2] Petitioner in docket No. 20536–90.

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

amount of the estate's liability for the related fraud addition to tax under section 6653(b) (namely, $172,573).

In the instant consolidated cases, by order of February 6, 1992, we granted in part respondent's motion for partial summary judgment. We concluded that the doctrine of judicial estoppel applied in these consolidated cases to preclude petitioner from arguing in these cases that he was not a fiduciary of decedent's estate, and therefore we concluded that the amount of the estate's Federal estate tax deficiency and the applicability of the fraud addition to tax were established herein by the doctrine of res judicata (i.e., by the entry of the stipulated decision in docket No. 165–88).

Petitioner now argues by way of a motion for summary judgment that a question remains as to whether this Court had the jurisdiction to enter the decision in docket No. 165–88, absent which that decision would not be res judicata herein as to the amount of the estate's Federal estate tax deficiency and the fraud addition to tax.

In this opinion, we explain further our order of February 6, 1992, in which we concluded that petitioner was judicially estopped from denying his status as fiduciary of decedent's estate, and we confirm that this Court had jurisdiction to enter the decision in docket No. 165–88. The resolution of this latter question in favor of respondent provides herein an additional basis for concluding that the stipulated decision that was entered in docket No. 165–88 is res judicata as to the amount of the estate's Federal estate tax deficiency and the related fraud addition to tax.

The following facts are established by the record.

Petitioner resided in Kenner, Louisiana, at the time his petition was filed.

Petitioner was the husband of decedent, who died intestate on January 17, 1981. Decedent was survived by petitioner and by four minor children.[4]

On February 23, 1981, petitioner applied to the probate court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, for appointment as administrator of decedent's estate. On February 26, 1981, the

---

[4] Decedent's four surviving children are petitioners in these consolidated cases in docket Nos. 14693–90, 17507–90, 17536–90, and 17547–90. At issue in the children's cases is the transferee liability of decedent's surviving children for the Federal estate tax liability of decedent's estate and any applicable fraud additions to tax.

probate court appointed petitioner administrator of decedent's estate and ordered petitioner to file with the probate court a descriptive list of decedent's property. Petitioner filed a sworn descriptive list of decedent's property with the probate court, but petitioner did not disclose thereon a substantial portion of decedent's property.

On June 18, 1981, petitioner petitioned the probate court to close decedent's succession proceeding, to discharge his appointment as administrator of decedent's estate, and to enter a judgment of possession. Accordingly, the probate court, apparently also on June 18, 1981, discharged petitioner as administrator and entered a judgment of possession and therein recognized petitioner as decedent's surviving spouse, entitled to an undivided one-half of the community property. Decedent's four children also were recognized in the probate court's judgment of possession as heirs of decedent and as entitled to decedent's undivided one-half of the community property, subject to petitioner's usufruct.[5]

Two days later, on June 20, 1981, petitioner remarried, which event, under Louisiana law, terminated petitioner's usufruct in the undivided one-half of decedent's property that the children had inherited.

Petitioner, however, never notified his children of their interests in decedent's property, nor that his usufruct in that property terminated upon his remarriage on June 20, 1981. Petitioner, thereafter, continued to possess and control all of the property of decedent's estate as he had from the date of decedent's death, and petitioner failed to inform decedent's surviving children of their interests in the property.

On or about October 17, 1981, petitioner signed and filed with respondent the Federal estate tax return for decedent's estate. Petitioner signed the return as decedent's personal representative. Petitioner omitted from the return the same property that he had omitted from the sworn descriptive list that he had filed with the probate court.

On October 9, 1987, respondent mailed a notice of deficiency to the "Estate of Madeline S. Huddleston, Deceased, c/o Albert J. Huddleston, Personal Representative". In the

---

[5] La. Civ. Code Ann. art. 890 (West Supp. 1992). Usufruct may be defined, generally, under civil law, as the right to enjoy the property of another and to obtain all of the profit, utility, and advantages produced by the property without altering its substance. Black's Law Dictionary 1384 (5th ed. 1979).

notice of deficiency, respondent determined a deficiency in the estate's Federal estate tax of $2,345,156, and an addition to tax for fraud under section 6653(b) of $1,172,578.

On December 7, 1987, in the U.S. District Court for the Eastern District of Louisiana (District Court), petitioner entered a plea of nolo contendere to an indictment under section 7206(1) for willfully and fraudulently filing the estate's Federal estate tax return which he knew did not correctly reflect the total assets of decedent's estate. In a written admission signed by petitioner and filed with the District Court in connection with petitioner's plea of nolo contendere, petitioner admitted that an addition to tax for fraud under section 6653(b) would be applicable to any deficiency in Federal estate tax determined to be owed by decedent's estate.

On January 4, 1988, petitioner, as personal representative of decedent's estate, signed and timely filed a petition in this Court for redetermination of the estate's Federal estate tax deficiency. See *Estate of Madeline S. Huddleston, Deceased, Albert J. Huddleston, Personal Representative v. Commissioner,* docket No. 165–88. In that petition, petitioner represented that "Said Estate is represented by Albert J. Huddleston, spouse of the Decedent, who served as personal representative of the Decedent's estate". The petition filed by petitioner on behalf of decedent's estate contested both the total estate tax deficiency determined by respondent and the imposition of the fraud addition to tax.

On January 29, 1988, petitioner and Helen Ulrich, petitioner's second wife, voluntarily filed for bankruptcy under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Louisiana (bankruptcy court). See *In re Ulrich and Huddleston,* Nos. 88–00415B and 88–0507B (Bankr. E.D. La.).

On October 20, 1988, three of decedent's surviving children filed in the bankruptcy court a complaint against petitioner (their father) for recovery of money or property. Petitioner's youngest daughter, Alicia (then and today still a minor), intervened in that proceeding through a curator ad hoc. In the complaint of petitioner's children in the bankruptcy court, the children sought damages against petitioner, alleging misconduct and breach of petitioner's duties as a fiduciary of decedent's estate and as holder of a usufruct in the property interests they were to inherit from decedent based

on petitioner's wrongful conversion of their property interests in decedent's estate.

Shortly before the scheduled March 13, 1989, trial date in this Court in docket No. 165–88, petitioner, on behalf of decedent's estate, and respondent entered into a settlement of the Federal estate tax deficiency and the fraud addition to tax. Under the settlement, the estate's Federal estate tax deficiency was agreed to be $345,147, the fraud addition to tax was agreed to be applicable, and the amount of the fraud addition was agreed to be $172,573.

On March 30, 1989, pursuant to the settlement of all issues in docket No. 165–88, this Court entered a stipulated decision, signed by petitioner as the personal representative of decedent's estate and by respondent, that decedent's estate owed a Federal estate tax deficiency of $345,117, with an addition to tax of $172,573 for fraud under section 6653(b). That decision was not appealed.

On May 4, 1990, respondent mailed notices of transferee liability to each of decedent's children in which notices respondent determined against each of decedent's children transferee liability with regard to the estate's Federal estate tax deficiency and the fraud addition to tax, as those liabilities were set forth in the March 30, 1989, stipulated decision that was entered in docket No. 165–88.

On July 3, 1990, decedent's minor daughter, Alicia, filed her petition in this Court contesting respondent's determination of her transferee liability regarding the estate's Federal estate tax deficiency and the fraud addition to tax.

On July 27, 1990, after an adversary proceeding in the bankruptcy court involving the allegations by decedent's children of petitioner's misconduct in the handling of the property of decedent's estate, the bankruptcy court entered a decision finding, among other things, that petitioner breached his duties as holder of a usufruct by failing to deliver to his children their share of decedent's property upon termination of his usufruct in the property and by continuing to possess and control the property while concealing from his children their ownership interests therein. The bankruptcy court further found that petitioner breached his fiduciary duties as administrator of decedent's estate and acted fraudulently by the "blatant omission" of a portion of decedent's property from the sworn descriptive list filed with

the probate court and from the Federal estate tax return, and the bankruptcy court found that petitioner was "completely at fault" and was accountable for the interest and penalties owed with respect to the estate's Federal estate tax deficiency.

The bankruptcy court concluded that petitioner was liable for conversion of decedent's property as a result of his continued dominion and control over the property of decedent's estate without informing the children of their interests therein.

On August 6, 1990, decedent's children, Kevin and Lindsay Huddleston and Meghan H. Delgiorno, filed their petitions in this Court contesting respondent's determination of their transferee liability regarding the estate's Federal estate tax deficiency and the fraud addition to tax.

On August 23, 1990, the bankruptcy court ordered that petitioner and Helen Ulrich were released from all dischargeable debts.

On August 31, 1990, respondent mailed a notice of fiduciary liability under section 6901 to petitioner with respect to petitioner's alleged liability for the Federal estate tax deficiency and the fraud addition to tax determined in the stipulated decision entered against decedent's estate in docket No. 165–88.

On September 13, 1990, petitioner filed his petition in this Court contesting respondent's determination of his fiduciary liability regarding the estate's Federal estate tax deficiency and the fraud addition to tax.[6]

Petitioner appealed the judgment of the bankruptcy court to the U.S. District Court for the Eastern District of Louisiana. By written opinion dated February 3, 1992, the District Court affirmed in part, modified in part, and vacated in part the judgment of the bankruptcy court. See *In re Ulrich and Huddleston*, No. 90–3803 (E.D. La. Feb. 3, 1992).

The District Court affirmed the bankruptcy court's findings that petitioner breached his duties as a holder of a usufruct and his fiduciary duties as administrator of decedent's estate.

---

[6] On Sept. 21, 1990, the bankruptcy court formally entered its order releasing petitioner and Helen Ulrich from all dischargeable debts. Arguably, therefore, the filing by petitioner on Sept. 13, 1990, of his petition herein was premature and in violation of the automatic stay of 11 U.S.C. sec. 362(a)(8) (1988). On Nov. 9, 1992, however, the bankruptcy court issued an order partially vacating nunc pro tunc the automatic stay and authorizing the Tax Court petition filed by petitioner herein on Sept. 13, 1990.

The District Court found, among other things, that petitioner breached those duties by failing to pay the proper Federal estate tax due and by failing to inform the children of their interests in the property.

The District Court further affirmed the bankruptcy court's determination that petitioner was liable for all damages resulting from these breaches because of his "bad faith", because of his attempt to keep the children's property, and because of his attempt to conceal the property from the children. To allow petitioner credit for the portion of the estate taxes that had been paid by petitioner when he filed the Federal estate tax return for decedent's estate, the District Court modified the judgment of the bankruptcy court concerning the amount of damages owed by petitioner.

In its decision, the District Court expressly affirmed the bankruptcy court's judgment that petitioner was liable for additional damages equal to the $172,573 fraud addition to the estate's Federal estate tax liability. The District Court treated the amount of the fraud addition to the estate's Federal estate tax liability as final, and the District Court noted that any attempt by petitioner to dispute the amount of the fraud addition would be contrary to the admission petitioner made in connection with the nolo contendere plea he entered into in the District Court.

On October 27, 1992, the U.S. Court of Appeals for the Fifth Circuit, among other things, affirmed per curiam without published opinion the above decision of the District Court and summarized the unfortunate factual scenario before us, as follows—

the fact remains that in 1981 * * * [petitioner] took possession of the entire community and acted towards the children and the entire world as if the property was entirely his—when in fact an undivided half interest in the property of the community * * * belonged to the children. * * * [Petitioner] was a savvy lawyer and had to know better, yet he did not inform his own children of their legal rights or their property holdings. Moreover, as administrator of their mother's estate, usufructuary, and tutor-apparent of the estates of his minor children, it was his duty to do so. Neither did he deliver the property to his children as required when his usufruct terminated. By the time the children found out about their inheritance, much of its value had been dissipated and altered (several of the closely held companies that made up the estate had filed for bankruptcy) and was no longer available for delivery or partition. [Huddleston v. Delgiorno, 978 F.2d 711 (5th Cir. 1992) (slip op. at 8).]

As explained, in our order of February 6, 1992, in these consolidated cases, in granting in part respondent's motion for partial summary judgment, we concluded that under the doctrine of judicial estoppel, petitioner should be estopped from denying his fiduciary status with respect to decedent's estate, that the stipulated decision entered by this Court in docket No. 165–88 (determining the estate's Federal estate tax deficiency and the fraud addition to tax) is final and cannot be contested by petitioner herein, and that the amount of the estate's Federal estate tax deficiency and the amount of fraud addition to tax previously determined in docket No. 165–88 are therefore established by res judicata in this proceeding. See *Commissioner v. Sunnen*, 333 U.S. 591, 597-598 (1948); *Segura v. Commissioner*, 77 T.C. 734, 743 (1981); *Krueger v. Commissioner*, 48 T.C. 824, 828 (1967).

In objecting to respondent's motion for partial summary judgment, petitioner argued that his participation in the settlement and his signing of the stipulated decision in docket No. 165–88 (after his termination as administrator of decedent's estate) constituted a fraud on the Court, that therefore the typical res judicata effect in these cases of the stipulated decision in docket No. 165–88 is not applicable, and, therefore, that he should be allowed herein to contest his status as a fiduciary of decedent's estate, the amount of the estate's Federal estate tax deficiency, and the fraud addition to tax previously determined. Petitioner did not dispute that if judicial estoppel applies herein (and if the Court in docket No. 165–88 had jurisdiction to enter the decision), his status as a fiduciary of decedent's estate, the estate's Federal estate tax deficiency, and the fraud addition to tax are established in the instant cases by res judicata.

We first explain further our order of February 6, 1992, in which we concluded that judicial estoppel precludes petitioner herein from denying that he was a fiduciary of decedent's estate at the time he represented decedent's estate and signed on behalf of the estate a stipulated decision in docket No. 165–88. We will next analyze petitioner's jurisdictional argument that he makes in his motion for summary judgment (the resolution of which provides an alternative basis for concluding that the decision in docket No. 165–88 is res judicata as to the amount of the estate's Federal estate tax deficiency and the fraud addition to tax).

Judicial estoppel is an equitable doctrine that prevents parties in subsequent judicial proceedings from asserting positions contradictory to those they previously have affirmatively persuaded a court to accept. *United States ex rel. American Bank v. C.I.T. Constr., Inc.,* 944 F.2d 253, 257-259 (5th Cir. 1991); *Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595, 598-599 (6th Cir. 1982). The doctrine of judicial estoppel focuses on the relationship between a party and the courts, and it seeks to protect the integrity of the judicial process by preventing a party from successfully asserting one position before a court and thereafter asserting a completely contradictory position before the same or another court merely because it is now in that party's interest to do so. Such manipulation of the judicial process by a party has been characterized by the courts as "cynical gamesmanship * * * to suit an exigency of the moment", *Teledyne Industries, Inc. v. NLRB,* 911 F.2d 1214, 1218 (6th Cir. 1990); "blowing hot and cold", *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1167 n.3 (4th Cir. 1982); and "playing fast and loose with the courts", *Scarano v. Central R.R.,* 203 F.2d 510, 513 (3d Cir. 1953).

Because judicial estoppel focuses primarily on the relationship between a party and the courts, it is distinguishable from equitable estoppel, which focuses primarily on the relationship between the parties themselves. Judicial estoppel generally requires acceptance by a court of the prior position and does not require privity or detrimental reliance of the party seeking to invoke judicial estoppel. *Teledyne Industries, Inc. v. NLRB, supra* at 1219-1220; *Edwards v. Aetna Life Ins. Co., supra* at 598-599; *Konstantinidis v. Chen,* 626 F.2d 933, 936-937 (D.C. Cir. 1980). Acceptance by a court does not mean that the party being estopped prevailed in the prior proceeding with regard to the ultimate matter in dispute, but rather only that a particular position or argument asserted by the party in the prior proceeding was accepted by the court. *In re Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990); *Edwards v. Aetna Life Ins. Co., supra* at 599 n.5.

If a case is settled, an argument can be made that the court did not affirmatively accept any of the underlying positions reflected in the settlement and that judicial estoppel should not apply. See *Reynolds v. Commissioner,* 861 F.2d 469, 473 (6th Cir. 1988) (dictum). Where, however, the facts or events giving rise to the application of judicial estoppel

relate to procedural or preliminary aspects of the case (such as the capacity to represent a party) and not to the underlying substantive issues that were settled, the fact that underlying substantive issues were settled should not in any way affect the availability of judicial estoppel as to the procedural or preliminary aspects of the case (that were relied on and accepted by the court in approving the settlement in the prior case).

The doctrine of judicial estoppel is not inconsistent with the principle that parties, under the Federal Rules of Civil Procedure, may plead alternative positions and make alternative arguments that are inconsistent with each other. Rather, judicial estoppel provides that once a position is adopted by a court, the same party should not, to the prejudice of the courts, thereafter be allowed to take a position contrary to the prior position that the party has successfully asserted.

The Supreme Court recognized the doctrine of judicial estoppel in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 606 n.18 (1975). The Supreme Court has stated generally that—

where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. * * * [*Davis v. Wakelee,* 156 U.S. 680, 689 (1895).]

A majority of the U.S. Courts of Appeals have recognized the validity of and applied the doctrine of judicial estoppel. See, e.g., *United States ex rel. American Bank v. C.I.T. Constr., Inc., supra* at 257-259; *McKinnon v. Blue Cross & Blue Shield,* 935 F.2d 1187, 1192-1193 (11th Cir. 1991); *Teledyne Industries, Inc. v. NLRB, supra* at 1217-1220; *Russell v. Rolfs, supra* at 1037-1038; *In re Cassidy, supra* at 641-642; *Murray v. Silberstein,* 882 F.2d 61, 66-67 (3d Cir. 1989); *Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 665-666 (Fed. Cir. 1988); *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 211-215 (1st Cir. 1987); *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166-1168 (4th Cir. 1982).

The U.S. Court of Appeals for the Tenth Circuit is the only circuit that, as a matter of law, on occasion has refused to apply judicial estoppel. See, e.g., *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1520 n.10 (10th Cir.

1991); *United States v. 49.01 Acres of Land,* 802 F.2d 387, 390 (10th Cir. 1986); *Parkinson v. California Co.,* 233 F.2d 432, 437-438 (10th Cir. 1956). In *Queenan v. Mays,* 90 F.2d 525, 533 (10th Cir. 1937), however, the Tenth Circuit applied the doctrine of judicial estoppel, and *Queenan v. Mays, supra,* has not been overruled by the Tenth Circuit.

The doctrine of judicial estoppel has been accepted by a majority of State courts. See Henkin, "Judicial Estoppel— Beating Shields into Swords and Back Again", 139 U. Pa. L. Rev. 1711 (1991).

In Louisiana State court proceedings, the State courts have not applied judicial estoppel. *Doyle v. State Farm (Mutual) Ins. Co.,* 414 So. 2d 763, 765 (La. 1982). Because, however, the applicability in the instant consolidated cases of judicial estoppel raises a question of Federal law and procedure, whether the Louisiana State courts would apply the doctrine of judicial estoppel is not controlling. *Partmar Corp. v. Paramount Pictures Theatres Corp.,* 347 U.S. 89, 92 (1954); *Maher v. City of New Orleans,* 516 F.2d 1051, 1056 (5th Cir. 1975).

In a number of cases in this Court, we have specifically considered the doctrine of judicial estoppel, but because of the particular facts of those cases (e.g., no inconsistency between the prior and current positions, or the prior position was not accepted by the Court), we did not in any of those cases apply judicial estoppel. See *Bokum v. Commissioner,* 94 T.C. 126, 135-137 (1990); *Spear v. Commissioner,* 91 T.C. 984, 995-996 (1988); *DiLeo v. Commissioner,* T.C. Memo. 1989-540; *I.L. Construction, Inc. v. Commissioner,* T.C. Memo. 1989-199; *Robinett v. Commissioner,* T.C. Memo. 1962-103.

In *Reynolds v. Commissioner,* 861 F.2d 469, 472 (6th Cir. 1988), revg. T.C. Memo. 1987-261, the U.S. Court of Appeals for the Sixth Circuit suggested that, in appropriate cases, the Tax Court should apply judicial estoppel.[7]

We hold that the doctrine of judicial estoppel is available in the Tax Court to be used in appropriate cases, such as the one before us, to prevent parties from taking positions that are inconsistent with those previously asserted by the parties

---

[7] In our memorandum opinion, *Reynolds v. Commissioner,* T.C. Memo. 1987-261, we did not discuss judicial estoppel.

and accepted by courts and that would result in inappropriate and prejudicial consequences to the courts.

As indicated, petitioner asserts that he was not a fiduciary of decedent's estate when, in docket No. 165–88, he filed the petition and when he entered into the settlement and signed the stipulated decision that was entered by the Court, and therefore petitioner asserts that such decision was fraudulently presented to the Court and that he should now be allowed to challenge his status as a fiduciary of decedent's estate, the amount of the estate's Federal estate tax deficiency, and the amount of the fraud addition to tax. This position is completely contradictory and inconsistent with the position petitioner took and that this Court accepted in the prior estate tax case in docket No. 165–88. Based on petitioner's position in that case that he was an authorized representative of decedent's estate and based on petitioner's actions in that capacity, the scheduled trial was continued, the settlement petitioner agreed to on behalf of the estate was accepted by the Court, a decision was signed by the parties and entered by the Court, and the case was closed. This is the type of prejudice to this Court and manipulation of the judicial process that the doctrine of judicial estoppel seeks to prevent. Accordingly, petitioner has been estopped in this proceeding from asserting that he was not the fiduciary of decedent's estate and from asserting that the estate's Federal estate tax deficiency and the fraud addition to tax were not established in docket No. 165–88.

Petitioner also argues that we, as certain other courts have done, should adopt a mistake exception to the doctrine of judicial estoppel, *Konstantinidis v. Chen,* 626 F.2d 933, 939 (D.C. Cir. 1980); *Johnson Service Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 175 (5th Cir. 1973). Further, as indicated, in light of our order of February 6, 1992, in which we applied judicial estoppel against petitioner, petitioner argues that a question remains as to whether the Court lacked jurisdiction in docket No. 165–88 to enter the stipulated decision that was agreed to in that case.

The mistake exception to the doctrine of judicial estoppel has failed to gain acceptance among the U.S. Courts of Appeals, and the U.S. Court of Appeals for the Sixth Circuit has cautioned that the creation of such an exception would "collapse the entire doctrine" of judicial estoppel. *Teledyne*

*Industries, Inc. v. NLRB,* 911 F.2d 1214, 1218 n.4 (6th Cir. 1990). We need not, however, determine the applicability in this Court of a mistake exception to the doctrine of judicial estoppel because it is clear that no mistake occurred (i.e., the facts establish that, for purposes of Federal taxation, petitioner was a fiduciary of decedent's estate when the decision in docket No. 165–88 was entered). Our conclusion in this regard disposes of petitioner's argument that the Court in docket No. 165–88 lacked jurisdiction, and it also provides an alternative basis for the conclusion reached in our order of February 6, 1992, that the stipulated decision in docket No. 165–88 is res judicata herein as to the amount of the estate's Federal estate tax deficiency and as to the fraud addition to tax.

Section 6901[8] provides for the assessment, payment, and collection of the liability of a fiduciary under 31 U.S.C. section 3713(b) (1982).[9] A fiduciary is defined in section 7701(a)(6) to include, among other things, an executor, administrator, or any other person acting in any fiduciary capacity for another.[10]

Section 2203 defines an executor for purposes of the Federal estate tax as the decedent's executor or administrator. If no one has been appointed, qualified, and acting as such, then an executor is defined as any person in actual or constructive possession of any property of the decedent.[11]

---

[8] Sec. 6901 provides as follows:

SEC. 6901. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) INCOME, ESTATE, AND GIFT TAXES.—

*       *       *       *       *       *       *

(B) FIDUCIARIES.— The liability of a fiduciary under section 3713(b) of Title 31, United States Code in respect of the payment of any tax described in subparagraph (A) from the estate of the taxpayer, the decedent, or the donor, as the case may be.

[9] 31 U.S.C. sec. 3713(b) (1982) provides as follows:

A representative of a person or an estate * * * paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

[10] Sec. 7701(a)(6) provides as follows:

(6) FIDUCIARY.—The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person.

[11] Sec. 2203 provides as follows:

The term "executor" wherever it is used in this title in connection with the estate tax imposed by this chapter means the executor or administrator of the decedent, or, if there is no executor

Petitioner was in actual or constructive possession of decedent's property both at the time the estate's Federal estate tax return was filed and at the time the estate's petition was filed with this Court. Further, at the time the Federal estate tax return for decedent's estate was filed and at the time the estate's petition was filed with this Court, there was no one appointed, qualified, or acting as executor or administrator of decedent's estate. Petitioner, therefore, qualified as an executor of decedent's estate under section 2203, and as such petitioner had the authority to file the estate's Federal estate tax return. Sec. 6018(a).

Petitioner's filing of the estate's Federal estate tax return as the personal representative or person in possession of decedent's property gave respondent notice for purposes of sections 6036 and 6903 that petitioner was to be treated as the executor and fiduciary of decedent's estate. Sec. 301.6036-1(c), Proced. & Admin. Regs.;[12] sec. 20.6036-2, Estate Tax Regs.[13] Once petitioner notified respondent that he was acting in a fiduciary capacity as to decedent's estate and until petitioner notified respondent that his fiduciary capacity had terminated, petitioner assumed the powers, rights, duties, and privileges in connection therewith, for purposes of Federal estate tax. Sec. 6903(a).[14] Accordingly, respondent properly mailed a notice of deficiency to the Estate of Madeline S. Huddleston, Deceased, in care of Albert J. Huddleston, Personal Representative.

---

or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent.

[12] Sec. 301.6036-1(c), Proced. & Admin. Regs., provides as follows:

*Notice of fiduciary relationship.* When a notice is required under section 301.6903-1 of a person acting in a fiduciary capacity and is also required of such person under this section, notice given in accordance with the provisions of this section shall be considered as complying with both sections.

[13] Sec. 20.6036-2, Estate Tax Regs., provides as follows:

Notice of qualification as executor of estate of decedent dying after 1970. In the case of the estate of a decedent dying after December 31, 1970, no special notice of qualification as executor of an estate is required to be filed. The requirement of section 6036 for notification of qualification as executor of an estate shall be satisfied by the filing of the estate tax return required by section 6018 and the regulations thereunder.

[14] Sec. 6903(a) provides as follows:

SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

32

Petitioner never gave respondent a notice of termination of his fiduciary capacity, as required under section 6903, and petitioner therefore was never relieved of his powers, rights, duties, and privileges as a fiduciary of decedent's estate for Federal estate tax purposes, regardless of petitioner's prior discharge as administrator of decedent's estate by the probate court. *Krueger v. Commissioner,* 48 T.C. 824 (1967), is almost on all fours with the facts of this case and controls the outcome of this issue. See also *Estate of Sivyer v. Commissioner,* 64 T.C. 581 (1975); *Estate of Hull v. Commissioner,* T.C. Memo. 1990-579; *Estate of Coates v. Commissioner,* T.C. Memo. 1986-574.

For the reasons stated, petitioner had the authority to file with respondent the estate's Federal estate tax return, to file with this Court the petition on behalf of decedent's estate, and to sign and bind the estate to the stipulated decision in docket No. 165–88. This Court did not lack jurisdiction in docket No. 165–88, and the decision entered in that case is res judicata as to the amount of the estate's Federal estate tax deficiency and the fraud addition to tax.

*An appropriate order will be issued.*