T.C. Summary Opinion 2010-61

UNITED STATES TAX COURT

DEAN L. AND KATHY DANIEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8055-08S.                    Filed May 13, 2010.

<u>Lawrence G. Sirhall, Jr.</u>, for petitioners.

<u>John Davis</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.  Respondent determined deficiencies in petitioners' Federal income taxes and section 6662(a) accuracy-related penalties for tax years 2004, 2005, and 2006 as follows:[2]

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|---------------------------------------|
| 2004 | $26,954 | $5,390.80 |
| 2005 | 30,639 | 6,127.80 |
| 2006 | 21,175 | 4,235.00 |

The questions for our consideration are:  (1) Whether income earned from a real estate sales activity is petitioner husband's self-employment income, and (2) whether respondent is estopped from determining that said income is self-employment income.

### Background[3]

Petitioners resided in Idaho at the time their petition was filed.  Petitioner Dean L. Daniel (petitioner) was licensed in Idaho as a real estate agent during 2004 and through 2006. Throughout those same taxable years, petitioner personally contracted with Holland Realty (Holland) to perform services as a real estate agent for Holland.  Petitioner's contract with

_____

[2]The parties have stipulated that if the Court decides that petitioners are liable for the income tax deficiencies, then they are also liable for the sec. 6662(a) penalties respondent determined.

[3]The parties submitted this case fully stipulated. Petitioners unsuccessfully attempted to supplement the record after the case was submitted and awaiting consideration by the Court.

Holland provided that petitioner was an independent contractor and not an employee of Holland "for Federal, State or local tax purposes."

Holland issued Forms 1099 to petitioner for 2004, 2005, and 2006 in the amounts of $112,788, $175,274, and $103,330, respectively, in connection with the sales he made as a real estate agent for Holland. Petitioner did not report any of the Holland Form 1099 income as earnings from self-employment on his Schedules C, Profit or Loss From Business, attached to petitioners' Forms 1040, U.S. Individual Income Tax Return, for 2004, 2005, and 2006. Petitioner, in each of the referenced tax years, assigned the real estate commissions from Holland to his S corporation, Daniel Investments, Inc. (Daniel). Petitioners did not include the Holland real estate commissions as part of their income on their 2004, 2005, or 2006 income tax return.

Daniel included the assigned Holland real estate commissions as income on its 2004, 2005, and 2006 corporate income tax returns. Daniel issued Forms W-2, Wage and Tax Statement, reporting wages paid to petitioner of $26,000, $10,000, and $3,000 for his 2004, 2005, and 2006 tax years, respectively. Daniel also deducted the amounts shown on the Forms W-2 as wages paid to petitioner. Petitioner's wages deducted by Daniel were part of the commissions he earned and assigned to Daniel. In addition, Daniel issued Schedules K-1, Shareholder's Share of

Income, Deductions, Credits, etc., to petitioner reflecting passthrough income of $40,530, $133,626, and $61,800 for the 2004, 2005, and 2006 tax years, respectively. Petitioners reported the above passthrough income on Schedules E, Supplemental Income and Loss, of their income tax returns for 2004, 2005, and 2006. On their 2005 Schedule E, petitioners claimed a $27,249 passthrough section 179 deduction from Daniel.

For 2004, 2005, and 2006 Daniel claimed business deductions equal to the difference between the total Holland commission income petitioner assigned and the amounts Daniel deducted as wages. In effect, only the Form W-2 wage portion of the Holland Form 1099 commissions shown by Daniel became taxable wage or self-employment income reported by petitioners.

On January 14, 2008, the same date as respondent's issuance of petitioners' notice of deficiency, respondent issued a Notice of Determination of Worker Classification (notice of determination) to Daniel for the 2004, 2005, and 2006 tax years determining that petitioner was an employee of Daniel with respect to all of the real estate commission revenue from Holland and that Daniel owed employment taxes of $37,473.89, $56,461.10, and $47,826.53, respectively. Daniel filed a petition with this Court on April 4, 2008, challenging the January 14, 2008, notice of determination at docket No. 8054-08S (employment tax case).

Because Daniel had paid wages to petitioner for 2004 through 2006, respondent decided that the January 14, 2008, notice of determination had been erroneously issued and on October 1, 2008, moved this Court to dismiss Daniel's employment tax case for lack of jurisdiction. In its response to respondent's motion to dismiss, Daniel agreed to the dismissal under certain circumstances. On November 20, 2008, this Court dismissed Daniel's employment tax case for lack of jurisdiction. As to the conditions set forth in Daniel's response to respondent's motion to dismiss, respondent's counsel has informed petitioners' counsel that petitioners "will not be double-taxed" on the Holland income for 2004, 2005, and 2006 and that Daniel's employment tax assessment will be abated if respondent is successful in this case.

Petitioners have conceded that they are liable for the section 6662(a) accuracy-related penalties if this Court agrees with respondent's determination. The parties have agreed on petitioner's income and deductions, and respondent concedes that petitioners are entitled to a $26,888 section 179(a) deduction for their 2005 tax year if the Court decides that respondent's determination is correct in this case. Finally, if the Court decides that respondent's determination is correct, the amount of Form W-2 wages petitioner reported for 2004, 2005, and 2006 shall be deducted from the amount of income finally determined.

## Discussion

There can be little doubt that petitioner earned the real estate commissions from Holland and that his assignment of the commissions to Daniel does not relieve him of their tax consequences. That is the basis upon which respondent has determined that petitioners are liable for income and self-employment taxes and the primary basis for the income tax deficiencies set forth in the notice of deficiency. Petitioners, however, do not argue that the substance of respondent's determination is in error. Instead, they argue that respondent should be estopped from determining tax deficiencies and/or that respondent's determination represents double taxation. Petitioners also argue that, under section 7491, the burden of proof has shifted to respondent.

Petitioners' section 7491 argument is unfounded because the parties submitted this case fully stipulated under Rule 122 with a sufficient factual predicate to support their legal arguments. There is no need to consider petitioners' section 7491 argument because the parties, by means of a stipulation of facts, a supplemental stipulation of facts, and exhibits presented sufficient facts to support their legal arguments. Accordingly, we hold that petitioners' section 7491 argument that the burden is shifted is of no consequence and does not affect the outcome of this case.

Petitioners generally argue that "Respondent should not be allowed to assess self-employment tax on the same amounts that * * * [he] has already reclassified as 'wage' and assessed Daniel Inc.". Petitioners base their argument on several factors, including: (1) Respondent unequivocally represented to this Court that the issue in the Daniel employment tax case was a recharacterization of corporate distributions as "wages" because there was no dispute that petitioner had been treated as an "employee" of Daniel; (2) respondent did not disregard Daniel's S corporation status; and coupled with the determination that petitioner was an employee of Daniel, respondent should be estopped from now arguing that the very same corporate distributions should be treated as self-employment income; and (3) imposition of self-employment taxes constitutes double taxation because respondent has already assessed Daniel with the maximum amount of employment taxes.

Respondent addressed petitioners' double taxation argument by stating that respondent's assessment of employment taxes against Daniel is a protective alternative position and that the assessment will be abated if respondent is successful in this case involving the self-employment tax deficiencies. Accordingly, petitioners' double taxation argument is without substance and need not be further addressed.

Concerning petitioners' estoppel argument, respondent contends that he is entitled to take alternative protective positions and that doing so in this case did not result in any form of estoppel with respect to the determination of deficiencies. Respondent further contends that the circumstances in the prior Daniel employment tax case did not give petitioners a basis to assert that respondent is estopped to determine the self-employment taxes in this case.

Generally, the doctrine of collateral estoppel, or issue preclusion, is used to preclude a party from relitigating issues actually and necessarily litigated and decided in a final prior judgment by a court of competent jurisdiction. It applies to issues of fact, issues of law, and mixed issues of fact and law. Meier v. Commissioner, 91 T.C. 273, 282-283 (1988).

A three-pronged test has been used for determining the application of collateral estoppel:

> First, whether the issues presented in the subsequent litigation are in substance the same as those in the first case; second, whether controlling facts or legal principles have changed significantly since the first judgment; and third, whether other special circumstances warrant an exception to the normal rules of preclusion. * * * [(Id. at 283 (citing Montana v. United States, 440 U.S. 147, 155 (1979)).]

In order for collateral estoppel to apply to an issue, the parties must have litigated the issue and a final judgment must have been rendered by a court of competent jurisdiction. Blanton v. Commissioner, 94 T.C. 491, 495-496 (1990); Peck v.

<u>Commissioner</u>, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990). Also, the nonmoving party must have had a full and fair opportunity to litigate the issue in the prior proceeding. <u>Hudson v. Commissioner</u>, 100 T.C. 590, 593 (1993).

Although the issues presented in this case are, in essence, the same as those that were involved in the Daniel employment tax case, collateral estoppel cannot apply in this case because the issue was not litigated and no judgment was rendered by this Court in the Daniel case. Respondent erroneously made an employment classification determination that petitioner was an employee of Daniel. If Daniel had not shown petitioner as an employee, the adjudication of respondent's employee classification determination would have been within the jurisdiction of this Court. However, Daniel had shown petitioner as an employee, and the only issue to decide was how much of the amounts paid to petitioner was wages and how much was a distribution of profits. This Court does not have jurisdiction over disagreements about such issues in a worker classification case. Accordingly, when respondent discovered the mistake, he moved to dismiss the Daniel employment tax case for lack of this Court's jurisdiction over the subject matter.

We granted respondent's motion and dismissed the Daniel case for lack of jurisdiction over the subject matter. This Court made no factual findings about petitioner's employment status,

Holland's payments to petitioner, or whether the payments from Holland to petitioner constituted self-employment income. It is for that reason that petitioners cannot rely on collateral estoppel to preclude respondent from determining that petitioners have self-employment tax deficiencies.

Another form of estoppel, judicial estoppel, focuses on the relationship between a party and the courts, as distinguished from equitable estoppel, which focuses primarily on the relationship between the parties. Judicial estoppel is intended to prevent a party from successfully asserting a position before a court and thereafter asserting a completely contradictory position before the same or another court merely because it is then in that party's interest to do so. Huddleston v. Commissioner, 100 T.C. 17, 26 (1993).

Judicial estoppel, however, requires acceptance by a court of the prior position, either as a preliminary matter or as part of a final disposition. Id. In the circumstances here, this Court did not adjudicate the parties' positions in the Daniel employment tax case, as we lack jurisdiction to do so. Our dismissal of the Daniel case was our acceptance of the fact that we lacked subject matter jurisdiction. To reach that conclusion we relied on the parties' allegations of circumstances that supported the dismissal. One of those allegations was that petitioner was an employee of Daniel. That allegation could be

inconsistent with a finding that petitioner had self-employment income, but the possibilities are not mutually exclusive. In other words, petitioner could be an employee of Daniel and still have earned self-employment income.

Respondent issued alternative determinations to Daniel and to petitioners on the same day. In one determination, respondent took the position that the payments from Holland were self-employment income and that petitioners therefore had self-employment tax deficiencies. In the other, respondent determined that petitioner was an employee of Daniel and that the payments from Holland that petitioner assigned to Daniel were wage income from Daniel to petitioner. The axis of those alternative determinations was the question of whether the payments from Holland had, for tax purposes, been successfully assigned to Daniel.

After respondent discovered that this Court lacked jurisdiction to hear an employee classification issue with respect to Daniel, the case involving that determination was dismissed and respondent assessed additional employment tax against Daniel, essentially for the difference between the amount Daniel paid to petitioner and the larger amount petitioner earned from Holland. Those circumstances do not warrant the application of judicial estoppel.

It has long been established that the Commissioner may take protective inconsistent alternative positions.

> Pending resolution of a tax dispute, the Commissioner is permitted to make inconsistent assessments against more than one taxpayer for the same tax liability if there is an accepted legal basis for each assertion. See Gerardo v. Commissioner, 552 F.2d 549, 555-56 (3d Cir. 1977); Cannon v. Commissioner, 533 F.2d 959, 962 (5th Cir. 1976) (Clark, J., dissenting), cert. denied, 430 U.S. 907, 97 S.Ct. 1177, 51 L.E.2d 583 (1977); Estate of Goodall v. Commissioner, 391 F.2d 775, 782-84 (8th Cir.), cert. denied, 393 U.S. 829, 89 S.Ct. 96, 21 L.Ed.2d 100 (1968). By invoking this procedure, the Commissioner acts, in effect, as a stakeholder. When the controversy is resolved, overpayments are returned to the proper parties, with interest to compensate them for the Government's interim use of the money. As long as resolution of the legal issues is consistent for all, and only one tax liability is ultimately retained, the Commissioner is justified in protecting the treasury. [Brown v. United States, 890 F.2d 1329, 1347-1348 (5th Cir. 1989)]

Respondent's alternative positions hinge upon whether the assignment of income to Daniel should be respected for tax purposes. If it is not respected, then petitioner earned the real estate commissions from Holland as an independent self-employed agent and, hence, petitioner would be responsible for self-employment tax. That is the case, and we need not decide the merits of respondent's alternative position underlying his assessment of additional employment taxes against Daniel. We

accordingly hold that respondent's deficiency determination in this case is not in error.[4]

To reflect the foregoing and concessions of the parties,

Decision will be entered

under Rule 155.

---

[4]We reach our conclusion and holding in this case in view of respondent's agreement and obligation to abate the assessment of employment taxes against Daniel Investments, Inc. That agreement also obviates petitioners' double taxation argument.