T.C. Memo. 2020-107

UNITED STATES TAX COURT

SMITH LAKE, LLC, DAVID HEWITT, TAX MATTERS PARTNER, Petitioner
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4980-17.                         Filed July 13, 2020.

<u>Ronald A. Levitt</u>, <u>Gregory P. Rhodes</u>, <u>Michelle A. Levin</u>, and <u>David Mace Wooldridge</u>, for petitioner.

<u>Shannon E. Craft</u>, <u>Rebeccah L. Bower</u>, and <u>John T. Arthur</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  This case is before the Court on the parties' cross-motions for partial summary judgment.  On January 4, 2017, respondent issued a notice of final partnership administrative adjustment (FPAA) for tax year 2013 to David Hewitt as the tax matters partner for Smith Lake, LLC (Smith Lake).  In the

[*2] FPAA respondent disallowed a $6,524,000 deduction for a noncash charitable contribution and asserted a gross valuation misstatement penalty pursuant to section 6662(h), or in the alternative, a penalty pursuant to section 6662(a).[1]

Respondent contends that the merger and extinguishment clauses in Smith Lake's deed of conservation easement violate section 170(h)(2)(C) and (5)(A), respectively. Petitioner, by contrast, contends that the deed meets the requirements of section 170(h)(2)(C) and (5)(A) because the deed provides that the restriction is granted in perpetuity and that the conservation purposes are protected in perpetuity. Petitioner further contends that respondent's interpretation of section 1.170A-14(g)(6)(ii), Income Tax Regs., is incorrect or, alternatively, if respondent's interpretation is found to be correct, that the regulation is invalid.

## Background

There is no dispute as to the following facts drawn from the parties' motion papers and attached declaration and exhibits. When the petition was filed, Smith

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] Lake was a Georgia limited liability company, and its principal place of business was in Alabama.

On July 29, 2008, Rockefeller Holdings, LLC (Rockefeller), owned in part by Mr. Hewitt, purchased 21.89 acres of property on Lewis Smith Lake in Winston County, Alabama (property), for $200,000. Rockefeller transferred the property to Smith Lake. Mr. and Mrs. Hewitt each owned a 50% interest in Smith Lake at the time of the transfer.

On December 20, 2013, Mr. and Mrs. Hewitt each sold and assigned 49.75% of their interests in Smith Lake to Smith Lake Investment Partners, LLC (Smith Lake Investments). On December 23, 2013, Smith Lake conveyed a deed of easement for the 21.89 acres, to the Pelican Coast Conservancy, LLC, by and through its sole member, Atlantic Coast Conservancy, Inc. (ACC), a Georgia nonprofit corporation. ACC was a "qualified organization" for purposes of section 170(h)(3). The deed was recorded with the Superior Court of Winston County on December 27, 2013. At the time of the conservation easement donation Smith Lake was owned by Smith Lake Investments, which owned a 99.5% interest, and the Hewitts, who each owned a 0.25% interest.

Smith Lake claimed a $6,524,000 noncash charitable contribution deduction for its contribution of the conservation easement to ACC on its 2013 Form 1065,

[*4] U.S. Return of Partnership Income.  It attached to its partnership return Form 8283, Noncash Charitable Contributions, which reported the donor's adjusted basis for the conservation easement as $200,000 and the appraised fair market value as $6,524,000.

The deed includes provisions for the distribution of proceeds in the event of extinguishment or condemnation.  The deed provides that the easement "constitutes a real property interest vested in" ACC.  Section 15.2 of the deed explains the stipulation the parties agreed to regarding proceeds.  This section provides:

> [T]he parties stipulate that this Easement shall have at the time of Extinguishment a fair market value determined by multiplying the then fair market value of the Property unencumbered by the Easement (minus any increase in value after the date of this grant attributable to improvements) by the ratio of the value of the Easement at the time of this grant to the value of the Property, without deduction for the value of the Easement, at the time of this grant.  The values of this Easement at the time of this grant shall be the donation value used to calculate the deduction for federal income tax purposes allowable by reason of this grant, pursuant to Section 170(h) of the Code. * * * [T]he ratio of the value of the donated Easement to the value of the Property unencumbered by the Easement shall remain constant.

A provision of section 23.13 of the deed states:  "Unless the [p]arties expressly state that they intend a merger of estates or interests to occur, no merger shall be deemed to have occurred hereunder or under any document executed in

**[*5]** the future affecting this grant." The deed provides that the interpretation and performance of the easement shall be governed by the laws of the State of Alabama.

## Discussion

Summary judgment may be granted where the pleadings and other materials show there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). Both parties have moved for partial summary judgment, and they agree that there exist no genuine disputes of material fact regarding the questions they have asked us to decide. After reviewing the pleadings and the motions with accompanying exhibits and declarations, we conclude that a decision may be rendered as a matter of law.

I.    Qualified Conservation Contribution

Section 170(a)(1) allows a deduction for any charitable contribution made within the taxable year. If the taxpayer makes a charitable contribution of property other than money, the amount of the contribution is generally equal to the

**[*6]** FMV of the property at the time the gift is made.  See sec. 1.170A-1(c)(1), Income Tax Regs.

The Code generally restricts a taxpayer's charitable contribution deduction for the donation of "an interest in property which consists of less than the taxpayer's entire interest in such property".  Sec. 170(f)(3)(A).  However, there is an exception to this rule for a "qualified conservation contribution."  Sec. 170(f)(3)(B)(iii).  This exception applies to a "qualified conservation contribution", which is a contribution of a qualified real property interest to a qualified organization exclusively for conservation purposes.  Sec. 170(h)(1).

Section 170(h)(5)(A) provides that a contribution will not be treated as being made exclusively for conservation purposes "unless the conservation purpose is protected in perpetuity."  The accompanying regulation recognizes that "a subsequent unexpected change in the conditions surrounding the [donated] property * * * can make impossible or impractical the continued use of the property for conservation purposes".  Sec. 1.170A-14(g)(6)(i), Income Tax Regs. In these circumstances the conservation purposes can be treated as protected in perpetuity if the restrictions are extinguished by judicial proceeding and the easement deed ensures that the charitable donee, following the sale of property, will receive a proportionate share of the proceeds and use those proceeds

**[*7]** consistently with the conservation purposes underlying the original gift. Id. This results in the "perpetuity" requirement's being satisfied because the sale proceeds replace the easement as an asset deployed by the donee "exclusively for conservation purposes". Sec. 170(h)(5)(A); see also Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. ___, ___ (slip op. at 8) (May 12, 2020).

Section 1.170A-14(g)(6)(ii), Income Tax Regs., specifies the donee's share of proceeds in the case of extinguishment as follows:

> [F]or a deduction to be allowed under this section, at the time of the gift the donor must agree that the donation of the perpetual conservation restriction gives rise to a property right, immediately vested in the donee organization, with a fair market value that is at least equal to the proportionate value that the perpetual conservation restriction at the time of the gift, bears to the value of the property as a whole at that time. * * * For purposes of this paragraph * * * that proportionate value of the donee's property rights shall remain constant. Accordingly, when a change in conditions give rise to the extinguishment of a perpetual conservation restriction under paragraph (g)(6)(i) of this section, the donee organization, on a subsequent sale, exchange, or involuntary conversion of the subject property, must be entitled to a portion of the proceeds at least equal to that proportionate value of the perpetual conservation restriction, unless state law provides that the donor is entitled to the full proceeds * * *.

To meet the requirements of section 1.170A-14(g)(6)(ii), Income Tax Regs. (proceeds regulation), the deed must guarantee that the donee will receive "a proportionate share of extinguishment proceeds". Carroll v. Commissioner, 146

**[\*8]** T.C. 196, 219 (2016); see <u>PBBM-Rose Hill, Ltd. v. Commissioner</u>, 900 F.3d 193, 207 (5th Cir. 2018) ("[T]he 'proportionate value' is a fraction equal to the value of the conservation easement at the time of the gift, divided by the value of the property as a whole at that time.").

Respondent contends that the deed violates the proceeds regulation because it provides that the portion of proceeds required to be allocated to the donee in the event of an extinguishment shall be reduced by the value of improvements to the land made by Smith Lake after the grant of the easement, and that the merger provision allows the easement to be eliminated through merger of estates. Petitioner contends that the deed satisfies the regulation because proceeds attributable to the value of improvements made by the landowner after the donation of the conservation easement are not immediately vested and are not part of the easement granted to the donee.

The proceeds regulation specifically states that the donee "must be entitled to a portion of the proceeds at least equal to that proportionate value". Sec. 1.170A-14(g)(6)(ii), Income Tax Regs. The word "must" clearly requires that the donee receive at least the proportionate value. <u>PBBM-Rose Hill, Ltd. v. Commissioner</u>, 900 F.3d at 208. The regulation does not permit that "any amount, including that attributable to improvements, may be subtracted out" of the

[*9] proceeds.  Id.; see also Coal Prop. Holdings, LLC v. Commissioner, 153 T.C. 126, 138 (2019).

Petitioner contends the easement deed is governed by the laws of the State of Alabama and that under Alabama law, the holder of a conservation easement deed is not entitled to proceeds if the underlying property is converted to public use through a condemnation, making the proceeds regulation inapplicable in this case.[2]  See Burma Hills Dev. Co. v. Marr, 229 So. 2d 776 (Ala. 1969).  We reject petitioner's arguments.  The ACC has a property right granted by a deed of easement.  We concluded in Hewitt v. Commissioner, T.C. Memo. 2020-89, at *22-*24, that the donor of a conservation easement would not be entitled to the full amount of the proceeds from a judicial extinguishment under Alabama law.  Therefore, the State law exception included in section 1.170A-14(g)(6)(ii), Income Tax Regs., does not apply.

Respondent also argues that the easement is not a qualified real property interest because the deed allows for the potential removal of the easement through a merger of estates under section 23.13 of the deed.  We have established above that the contribution does not qualify under section 170 as a "qualified

---

[2]Although section 15.1 of the deed reads "unless otherwise provided by Georgia law" (emphasis added), petitioner's motion argues that the deed is governed by Alabama law.

**[\*10]** conservation contribution" because the deed's extinguishment clause fails to meet the requirements of the proceeds regulation. Accordingly, we do not need to address this issue.

II.     Validity of the Proceeds Regulation

Petitioner contends that respondent's interpretation of the proceeds regulation is incorrect. We have decided that respondent's interpretation is correct and that the deed does not comply with the regulation. Petitioner further contends that if respondent's interpretation is correct then the proceeds regulation is arbitrary and capricious and is therefore invalid.

When considering whether a regulation is arbitrary and capricious, we generally employ the two-part inquiry established by Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984). The first part is to inquire "whether Congress has directly spoken to the precise question at issue." Id. at 842. If the intent of Congress is clear, there is no further inquiry. Id. Pursuant to section 170(h)(5)(A) the conservation purpose must be "protected in perpetuity." However, Congress did not address specifically the allocation of extinguishment proceeds. See Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 26).

[*11] We now consider whether the proceeds regulation "is based on a permissible construction of the statute." See Chevron, 467 U.S. at 843. Since the statute is silent, we must give deference to the interpretation embodied in the agency's regulation unless it is "arbitrary, capricious, or manifestly contrary to the statute." See United States v. Mead Corp., 533 U.S. 218, 227 (2001); Chevron, 467 U.S. at 844. We will uphold the proceeds regulation if it represents a "reasonable interpretation" of the law Congress enacted. See Chevron, 467 U.S. at 844; SIH Partners LLLP v. Commissioner, 150 T.C. 28, 50 (2018), aff'd, 923 F.3d 296 (3d Cir. 2019).

Petitioner does not challenge the validity of the proceeds regulation in its entirety. Rather, petitioner contests the regulation on two grounds: (1) the requirement that an easement deed allocate the economic benefit of subsequent improvements made (and paid for) by the landowner to the donee upon termination of the easement lacks a rational basis and (2) the "proportionate value" provision of the proceeds regulation is ambiguous.

Petitioner contends that there is no rational basis for requiring an easement deed to share with the donee the economic benefit of subsequent improvements made and funded by a landowner, because the donee does not contribute toward the cost of the improvements and the landowner does not receive a deduction for

[*12] any such improvements.  Petitioner argues further that it is even more irrational to require a subsequent landowner to forfeit to the land trust a substantial portion of the proceeds attributable to the improvements made and owned by the subsequent owner despite the fact that the subsequent owner did not donate the easement to the land trust or receive a charitable contribution deduction. Petitioner asserts that such a result is illogical and inconsistent with the purpose of the proceeds regulation.

The regulation does not address donor improvements.  The absence of a provision addressing donor improvements does not render the regulation "arbitrary, capricious, or manifestly contrary to the statute."  Chevron, 467 U.S. at 844; see also Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 29).

In Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 29), we reasoned that Treasury's goal in prescribing the proceeds regulation was to ensure satisfaction of the statute's "protected in perpetuity" requirement. This requirement is deemed satisfied under Treasury's interpretation of the proceeds regulation because the sale proceeds replace the easement as an asset employed by the donee "exclusively for conservation purposes". Sec. 170(h)(5)(A); see also Oakbrook Land Holdings, LLC v. Commissioner, 154

**[*13]** T.C. at \_\_\_ (slip op. at 8).  There may be scenarios, such as a decline in land values, in which reducing the donee's proceeds by the value of landowner improvements would frustrate the goal of the sales proceeds' replacing the value of the easement.  Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at \_\_\_ (slip op. at 29-30).

We stated in Oakbrook that "Treasury's overarching goal was to guarantee that the donee, upon judicial extinguishment of the easement, would receive the full share of proceeds to which it was entitled." Id. at \_\_\_ (slip op. at 31).  We concluded that Treasury exercised reasoned judgment in its efforts to reach the goal of section 170(h)(5)(A). Id.

Petitioner also contends that the "proportionate value" provision of the proceeds regulation is ambiguous.  Pursuant to section 1.170A-14(g)(6)(ii), Income Tax Regs., the donee's share is determined by multiplying the sale proceeds by a fraction, the numerator of which is the FMV of the easement at the time it was granted, and the denominator of which is the FMV of the entire property at that time.  In Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at \_\_\_ (slip op. at 28), we concluded that the proceeds regulation's "proportionate value" approach is not "arbitrary, capricious, or manifestly contrary to the statute" as examined under the two-part inquiry.

**[*14]** III.    <u>Judicial Estoppel</u>

Petitioner argues that respondent should be judicially estopped from asserting that the section 15.2 of the deed is inconsistent with the proceeds regulation.  Petitioner cites a District Court case in which the United States stipulated that the proceeds regulation's perpetuity requirement was satisfied in a clause containing the same text as section 15.2 of the deed in the instant case.  <u>See</u> Joint Stipulation of Facts for Purposes of Summary Judgment, at 4, <u>DMB Realco, LLC v. United States</u>, Civil No. 16-1585-NVW (D. Ariz. Feb. 24, 2017).  Respondent argues that judicial estoppel is inapplicable because the United States conceded the issue in <u>DMB Realco, LLC</u> and because the parties settled the case.

"The doctrine of judicial estoppel focuses on the relationship between a party and the courts, and it seeks to protect the integrity of the judicial process by preventing a party from successfully asserting one position before a court and thereafter asserting a completely contradictory position before the same or another court merely because it is now in that party's interest to do so."  <u>Huddleston v. Commissioner</u>, 100 T.C. 17, 26 (1993).  Although judicial estoppel requires a court's acceptance of a party's prior position, acceptance "does not mean that the party being estopped prevailed in the prior proceeding * * * but rather only that a particular position or argument asserted by the party * * * was accepted by the

[*15] court."  Id.; see Fazi v. Commissioner, 105 T.C. 436, 446 (1995).  The Court

in Huddleston v. Commissioner, 100 T.C. at 26, further stated that, in cases that

settle, "an argument can be made that the court did not affirmatively accept any of

the underlying positions reflected in the settlement and that judicial estoppel

should not apply."

In DMB Realco, LLC the United States conceded the issue with respect to

the proceeds clause and did not persuade the court to accept its position.  That case

was resolved through a settlement by the parties.  We find that judicial estoppel is

inapplicable to this case.

IV.    Conclusion

The deed granting the conservation easement reduces the donee's share of

the proceeds in the event of extinguishment by the value of improvements (if any)

made by the donor.  Accordingly, petitioner has not satisfied the perpetuity

requirements of section 170(h)(5)(A).  Furthermore, we reject petitioner's

challenge to the validity of the proceeds regulation and find that the construction

of section 170(h)(5) set forth in section 1.170A-14(g)(6), Income Tax Regs., is

valid under Chevron.  See Oakbrook Land Holdings, LLC v. Commissioner, 154

T.C. at ___ (slip op. at 25, 28-33).

**[*16]** Accordingly, we will grant respondent's motion for partial summary judgment and deny petitioner's cross-motion for partial summary judgment. We have considered all of the arguments made by the parties, and to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.